THOMPSON, J.
 

 A large number of residents and property tax payers of St. Landry parish instituted this suit to annul the proceedings creating and organizing the St. Landry and St. Martin gravity drainage district No. 1.
 

 The primary ground of attack is that the ordinance of the police jury of St. Landry parish was not adopted in conformity with a mandatory rule and regulation of the police jury; that the ordinance as passed was to take effect immediately from and after its adoption, whereas the rule and regulation of said police jury required that “all ordinances pertaining to taxation and bond ordinances, be laid over for thirty days, so as to receive legal advice on same before adoption.”
 

 In the alternative, and as a second ground of attack on the aforesaid ordinance, it is alleged that the police jury of said parish of St. Landry failed to provide that a copy of the ordinance be sent to the police jury of St. Martin parish or otherwise to officially notify said parish of the adoption of said ordinance and ask concurrence therein; that the ordinance contemplated and intended that it should take effect • immediately and without the concurrence of the police jury of St. Martin parish; that the police jury of St. Martin parish has never given official notice to the police jury of St. Landry of its concurrence in the ordinance creating said drainage district; that no notice of concurrence by the police jury of St. Martin has been given to the police jury of St. Landry parish or otherwise brought to the knowledge of petitioners; that the said ordinance restricts the service of citation dr other legal process against said drainage district to the president or secretary of the board of commissioners of said drainage district, in contravention of the law which permits such service on some person in charge of the office of said board; that the said ordinance attempts to dictate the manner in which vacancies in membership of the board shall be filled, whereas a different method of filling vacancies is provided by law; that the law provides that two of the commissioners shall, be selected by the police jury of the parish having the greater area and one by the other parish, whereas the ordinance provided all three of said commissioners should be selected and appointed by the police jury of St. Landry ; that the said ordinance illegally included within the limits of said drainage district, lands lying in St. Landry belonging to petitioners and others which are not susceptible to drainage by gravity, since such lands are inundated by overflow and backwater from the Atchafalaya river and bayou Oourtableau and not by rainfall and ordinary drainage waters, and would necessitate the construe
 
 *1039
 
 tion of levees and pumps to properly drain same.
 

 The defendant, preliminary to answering, pleaded the want of a cause of action on the part of plaintiffs, estoppel, and the prescription of 30 days under Act 238 of 1924, and the want of jurisdiction of the court to pass upon the validity of the ordinance attacked.
 

 For answer, the defendant specially denied that the ordinance of the police jury was null for the reasons alleged, but on the contrary it is alleged that the said drainage district was legally and validly created and reorganized.
 

 The defendant thereafter further pleaded the prescription of 30 and 60 days provided by Act 317 of 1910 and Act 46 of 1921 and paragraph (n) of section 14 of article 14 of the Constitution of 1921, and section 2 of Act 238 of 1924.
 

 After a trial on the merits, the district judge maintained the prescription of 30 days under Act 238 of 1924 and the plea to the jurisdiction of the court under said legislative act, and dismissed the plaintiffs’ suit.
 

 In this court the plaintiffs have filed a motion attacking generally the constitutionality of section 2 of Act 238 of 1924 as being in violation of both the federal and state Constitutions.
 

 The drainage district was created under the provisions of. the Constitutions of 1898 and 1913 (art. 281) and pursuant to Act 317 of 1910 as amended by Act 219 of 1912, Act 227 of 1914, and Act 225 of 1916.
 

 At the regular session of the police jury of St. Landry parish, held on January 7, 1924, a petition was submitted by landowners and taxpayers for the creation of the district, but the said petition was not then acted on, and on motion was laid over until the next regular session of the jury.
 

 On February 5, 1924, the ordinance creating said district and defining its boundaries was adopted by said jury. This ordinance was duly published.in the official journal for a period of 30 days.
 

 On March 3, 1924, the police jury of St. Martin parish on a petition of landowners and taxpayers adopted a similar ordinance to that adopted by the police jury of St. Landry creating said district, and this ordinance was published for the required length of time.
 

 Thereafter the police juries of the two parishes appointed three commissioners for said drainage district, and subsequently thereto the Governor appointed two commissioners. The commissioners so appointed qualified and entered upon the duties of their office.
 

 In November, 1924, application was made to the police juries of the two parishes by thp board of commissioners of the drainage district to reorganize the district in accordance with the terms of Act 238 of 1924. This reorganization was accomplished by ordinance of the respective police juries, and commissioners were appointed thereunder and duly qualified.
 

 On February 2, 1925, the police jury of St. Landry parish repealed the ordinance of February 6, 1924, creating the drainage district, hut this effort to abolish the district failed because of the refusal of the police jury of St. Martin and the drainage board to agree thereto.
 

 The drainage board thereafter submitted to the taxpayers the proposition, of issuing bonds and a levy of a tax to meet the same.
 

 This election was held and resulted in favor of the bond issue and tax levy.
 

 A contest of said election was filed by some of the plaintiffs in this suit within the 60 days, and by final judgment of this court the said election was set aside and annulled.
 

 In August, 1925, another election was held and resulted in favor of the bond issue and tax levy.
 

 Section 28 of Act 317 of 1910 provides that, whenever a debt has been incurred and bonds
 
 *1041
 
 ordered to be issued and a forced contribution or acreage tax levied, any landowner having property situated within the limits of the area proposed to be drained shall have the right, during 60 days next following the date of the publication of the resolution required in section 27 of the act providing the manner of levying a forced contribution or acreage tax for drainage purposes, to appeal to the courts for the purpose of testing the validity of such proceedings, after which time the right to resort to the courts shall be forever barred.
 

 A like provision is contained in Act 219 of 1912 and Act 227 of 1914.
 

 Section 1 of Act 225 of 1916 provides that, in order to fully comply with the due process of law, every taxpayer in said drainage district shall be allowed a period of 60 days in which to file any contest over the benefits to accrue from the drainage, or over the validity, legality, or constitutionality of the proceedings leading' up to and including the levy of said tax or to said bond issue, and, after the lapse of the said 60 days reckoning from the date of the last publication and promulgation of the proceedings, every taxpayer is irrevocably estopped from setting up any defense to the levying and collecting of said tax or to the issuing of the bonds secured thereby, or to any of the proceedings leading up to and including the authorization to levy and collect said tax and issue said bonds. After the legislation referred to, came the Constitution of 1921 which conferred upon any person in interest the right within 60 days to contest for any cause the legality of any election, any bond issue provided for and any tax authorized to be levied under the provisions of section 14 of article 14 of said ' Constitution; the 60 days to file such contest to begin to run from the date of promulgation of the result of the election at which the tax levy or bond issue is authorized.
 

 It was further provided that, if the validity of any election, special tax, or bond issue authorized or provided for, is not raised within the said 60 days,- the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters.
 

 In 1924, in order to carry out the provisions of the Constitution of 1921, the Legislature provided (Act 238) for the creation of gravity drainage and gravity subdrainage districts and for the reorganization of existing drainage or sub drainage districts into gravity drainage and gravity subdrainage districts.
 

 Section 2 of that act provides that, whenever gravity drainage districts or gravity sub-drainage districts are created or reorganized under the provisions of the act, or lands have been added to a gravity subdrainage district, a copy of the ordinance shall be published for 30 days, and within 30 days from the date of the first publication any owner of property within the district shall have the right to appeal to the courts for the purpose of contesting the action of the police jury, or urging any objection to the inclusion of his lands in such gravity drainage district or gravity subdrainage district, after which time such action of the said police jury or police ■ juries shall be absolutely incontestable for any cause whatsoever, and it shall be conclusively presumed that the said gravity drainage or subdrainage district was regularly and legally created, and each and every acre of land in said district is the character of land that should be included therein.
 

 Section 34 of the last-named act provides that, whenever debt has been incurred and bonds voted to be issued and a forced contribution or acreage tax levied, any landowner having property situated within the limits of the district shall have the right, during 60 days next following the publication of the proclamation of the result of the election, to contest the validity of the proceedings by
 
 *1043
 
 suit or action in courts, after which the validity of the proceedings or the bonds authorized thereby to be issued and the tax levied or authorized to be levied, shall be absolutely incontestable for any cause whatever.
 

 It is perfectly apparent from the foregoing résumé of the proceedings and transactions and the statutory provisions cited that the prescription or limitation of 60 days is not applicable.
 

 The plaintiffs are not attacking the legality of any election, tax levy, or bond issue. They are making no attack upon the ordinances of the police juries reorganizing the drainage district.
 

 The sole attack, as shown by the petition and asserted in the brief of plaintiffs’ counsel, is directed against the original ordinance of the police jury of St. Landry parish. The reorganization of the district, the election held after and under said reorganization, the tax levy and bond issue authorized by said election, are not even as much as mentioned in the petition. And counsel expressly disclaim in their brief any purpose or intention in this suit of making any attack upon any proceeding except the original ordinance of February 6, 1924.
 

 The plaintiffs have a right to select their cause of action, and must stand or fall on the cause of action as presented.
 

 The prescription provided in the statutes to which we have referred, except that provided in section 2 of Act 238 of 1924, only applies to causes of action which have for their purpose the setting aside of a tax election, a tax levy, or a bond issue, and this is made manifest by the fact that the limitation of such actions begins to run, either from the date of the publication of the ordinance authorizing the bond issue or tax levy, or from the promulgation of the result of the election.
 

 There is nothing in any of the statutes, except that of 1924, which precludes a party from attacking the ordinancé creating a drainage district at any time, where such attack does not involve the legality or regularity of a tax levy, a bond issue, or an election authorizing the same.
 

 - After a tax has been levied or a bond issue authorized by an election, all grounds of attack for any cause after 60 days ate closed against the taxpayer, even the right to attack the ordinance creating the district and the power and authority of the board to levy the tax or issue the bonds under the election.
 

 Our conclusion is that, inasmuch as the plaintiffs have limited their cause of action to an attack on the original ordinance creating the district, and have not made any attack on any tax, bond issue, or election held thereunder, the plea of prescription of 60 days is not applicable.
 

 Nor is the constitutional limitation of 60 days pertinent, for the reason that such limitation in express words only applies to elections held and taxes levied and bonds issued under and by virtue of the Constitution of 1921 and the laws passed in pursuance thereof.
 

 It will be time enough to consider and determine that question when an attack is made on the election, tax levy, and bond issue had under the reorganized district.
 

 What has been said applies to the prescription of 30 days under section 2, Act 238 of 1924.
 

 This prescription clearly refers to drainage districts organized and reorganized under said act, and the plaintiffs here are not assailing -the ordinances reorganizing the district, and are making no attack on any proceedings had under said reorganized district.
 

 From what has been said, it follows that our conclusion is that the pleas of prescription were improperly sustained.
 

 However, coming to the merits of the case, we think, for reasons hereafter stated, the plaintiffs’ demand was properly rejected, and their suit rightfully dismissed.
 

 
 *1045
 
 The rule of the police jury, the noncomplianee with which is made the prime basis of plaintiffs’ suit, provides that all ordinances pertaining to taxation and bond issues shall be laid over for 30 days, so as to receive legal advice on same before adoption by the police jury.
 

 This rule clearly applies to ordinances pertaining to the levy of taxes and the issue of bonds by the police juries acting in their administrative capacities, and has no pertinency or application whatever to ordinances and resolutions having for their object the creation of drainage districts under constitutional and legislative authority.
 

 Act 317 of 1910 empowers the police juries to create drainage districts on their own initiative, and, when created, said districts become bodies corporate, with power and authority to levy taxes and to issue bonds in the manner and subject to the restrictions and limitations provided by law. When, therefore, a drainage district is created, the connection of the police juries with such drainage districts, except as provided, ceases, and such police juries have nothing whatever to do with issuing bonds and levying of taxes for drainage purposes.
 

 The alternative demand for the nullity of the ordinance is equally without any merit.
 

 The ordinances were in substantial compliance with legislative direction. Whatever irregularities there may have been, and such as are made the subject of attack, in this suit, resulted from noneomplianee with more directory provisions of the law authorizing the creation of the district, and can in no sense be said to strike the ordinance with nullity.
 

 The fact remains that the district was created by two parishes, by ordinances separately passed by the police jury of each parish, and this, if not a literal, was a substantial, compliance with the statute.
 

 The last ground of complaint is that the district as created illegally includes lands belonging to the plaintiffs which are not susceptible of drainage by gravity, since such lands are inundated by overflow and backwater from the Atchafalaya and bayou Courtableau and not by rainfall and ordinary'drainage waters and would necessitate the construction of levees and pumps to properly drain the same.
 

 It is sufflcient answer to this contention to say that the act under which the drainage district was created did not purport or attempt to make any distinction in the formation of such districts between lands having a natural drainage and those which were required to be drained by artificial means.
 

 All lands within the territory of the drainage district were made subject to the provisions of the law governing said district, whether said lands drained naturally or otherwise.
 

 The act specially authorizes the building of. a levee, and provides for the pumping of the water from the lands in the district whenever it'may be deemed necessary by the board of commissioners of the drainage district.
 

 For the reasons assigned, the judgment appealed from, which rejected the plaintiffs’ demand and dismissed their suit, is affirmed, with costs.
 

 ST. PAUL and ROGERS, JJ., concur in the decree.