ROGERS, J.
 

 At its regular session held on February 6, 1923, the police jury of the parish of St. Landry created, in the fourth police jury ward of said parish, a sub-road district to be known as the “first sub-road district of the fourth police jury- ward of the parish of St. Landry.” Thereafter, a special election was ordered and held in said sub-road district by virtue of which the police jury, as the governing authority of said sub-road district, was authorized to incur debt to the amount of §75,000 for highway improvement in said district, and to issue negotiable bonds to cover the amount of said indebtedness. A special tax of 5% mills on the dollar was levied on all property subject to taxation in said sub-road district for the purpose of retiring the said bonds, and advertisements calling for bids for the sale of the bonds were duly prablished according to law.
 

 On December 23, 1924, plaintiff, as a taxpayer of the fourth police jury ward of the parish of St. Landry, brought this suit to have declared unconstitutional, null, and of no effect the action of' the police jury in creating said sub-road district.
 

 Plaintiff alleges that the said sub-road district is composed of territory included already within three existing and separate road districts within said police jury ward, and that neither section 14 (c) of article 14 of the Constitution of 1921, nor Act 118 of 1921 (Ex. Sess.), putting into effect the constitutional provisions governing road districts, authorize the creation of sub-road districts composed of lands taken from two or more existing districts.
 

 Defendant answered, denying the illegality, of the creation of the said sub-road district, and, further, set up the limitation of 60 days in bar of plaintiff’s action as provided for in section 14, paragraph (n), of the Constitution of 1921, and the provisions of Act 46 of 1921 (Ex. Sess.).
 

 Section 1 of Act 118 of 1921 (Ex. Sess.) reads as' follows:
 

 “That the police juries of the several parishes of the state are hereby authorized and empowered to create road districts and sub-road districts in the manner and subject to the limitations and restrictions herein contained.
 

 “No road district or sub-road district shall be created comprising the whole territory of a parish. Road districts and sub-road districts may be composed of territory either wholly within a parish or partly within two or more parishes. Road districts so created shall be subdivisions of the state of Louisiana within the meaning of the statutes of Louisiana relating to incurring debt and issuing bonds therefor.”
 

 There is nothing in the foregoing section that, expressly or by implication, forbids the police jury of a parish to create a sub-road district composed of lands lying partly within two or more road districts. On the contrary, the legislative grant of power is in general terms, the sole restriction being that the road district or sub-road district so created shall not embrace the whole territory of the parish.
 

 Our conclusion is that it is immaterial, that the lands included with the sub-road
 
 *69
 
 district are included within three existing road districts, and that the defendant police jury acted within its lawful powers in creating said sub-road district.
 

 Plaintiff’s action cannot prevail/ for the further reason that it was instituted more than 22 months after the creation by the police jury of the sub-road district, and, more than 9 months after the promulgation of the returns of the special election held for the purpose of determining whether the governing authority of said sub-road district should be authorized to incur debt and to issue bonds to build and maintain highways within said sub-road district. Paragraph (n), section 14, article 14 of the Constitution of 1921; Act 46, Ex. Sess. of 1921, § 43; Roberts v. School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury, 155 La. 899, 99 So. 690.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.