(105 So. 382)

No. 26971.

·COVINGTON BANK & TRUST CO. v. TOWN OF COVINGTON.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ⬤⟹955(1¼)—Action to annul tax election and ordinance for issuing bonds held barred, although authorization not valid.

Although authorization for a bond issue, making the bonded debt of the town of Covington in excess of 10 per cent. of the assessed value of its taxable property was not valid, under Act No. 46 of 1921, § 26, suit to annul the tax election and ordinance for issuing the bonds, filed later than 60 days after promulgation of the result of election providing for the issue, was barred, under Const. 1921, art. 14, § 14, subsec. (n).

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Action by the Covington Bank & Trust Company against the Town of Covington. Judgment for defendant, and plaintiff appeals. Affirmed.

Thos. M. & James T. Burns, of Covington, for appellant.

Benj. M. Miller, of Covington, for appellee.

O'NIELL, C. J. This is a suit to annul a tax election and an ordinance for the issuing of municipal bonds. The suit was filed later than 60 days after the promulgation of the result of the election. The defendant, municipality, therefore pleads that the action is barred by the provisions of the Constitution, article 14, § 14, subsec. (n). There was judgment for the defendant, declaring the bond issue valid. The plaintiff, taxpayer, has appealed from the decision.

The bond issue was authorized by a vote of the property taxpayers at an election called for the purpose in 1924. The bonds are for $55,000. $30,000 being for the completion of the sewerage system, and $25,000 for construction, improvement and maintenance of streets.

There are outstanding $80,000 of waterworks bonds and $50,000 of sewerage bonds, issued in 1922. The assessed value of the taxable property in the municipality is only $1,549,642. Therefore, if the new bonds be issued, the bonded debt, $185,000, will exceed 10 per cent. of the assessed value of the taxable property in the municipality.

The question is whether the limitation on the right of a municipality to issue bonds — to 10 per cent. of the assessed value of the

property in the municipality—means that the bonds issued *for all purposes* shall not exceed 10 per cent. of the assessed value of the property, or means that the bonds issued *for any one purpose* shall not exceed the 10 per cent.

In the Constitution of 1898 (last paragraph of article 281), the right of a municipality to issue bonds was limited to 10 per cent. *for all purposes,* thus:

"The total issue of bonds by any municipality, * * * *for all purposes* shall never exceed ten per cent. of the assessed value of the property in such municipality," etc. (The italics are ours.)

The same limitation was retained in the Constitution of 1913 (second paragraph of first section of article 281), viz.:

"The total issue of bonds by any subdivision *for all purposes* shall never exceed ten per centum (10) of the assessed valuation of the property in such subdivisions." (The italics are ours.)

By the Constitution of 1921 (subsection [f] of section 14 of article 14), the limitation of 10 per cent. on the assessed valuation was increased to 10 per cent. *for any one of the purposes therein provided,* viz.:

"No debt shall be incurred and bonds issued therefor by any subdivision hereunder *for any one of the purposes herein provided,* which, including the existing bonded debt of such subdivision *for such purpose,* * * * shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such subdivision, to be ascertained by the last assessment for parish, municipal or local purposes previous to incurring such indebtedness." (The italics are ours.)

The bonds that were issued by the town of Covington, *for any one purpose,* did not exceed 10 per cent. of the assessed valuation of the property in the municipality. Each bond issue—or the total of bond issues—was therefore allowed by the Constitution of 1921.

Act 46 of 1921, which was in effect when these bonds were voted for, put the same limitation that was in article 281 of the Constitution of 1898 and of 1913 upon the right of a municipality to issue bonds; that is, the limitation was 10 per cent. *for all purposes.* Section 26 of the act declared:

"No debt shall be incurred, nor bonds issued therefor by any subdivision hereunder, which *including the existing bonded debt,* * * * shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such subdivision," etc. (The italics are ours.)

By Act 11 of 1924, section 26 of the act 46 of 1921 has been amended and re-enacted so as to make the limitation the same that is allowed by subsection (f) of section 14 of article 14 of the Constitution of 1921. As amended, section 26 declares:

"No debt shall be incurred and bonds issued therefor by any subdivision hereunder *for any one of the purposes herein provided,* which, including the existing bonded debt of such subdivision *for such purpose,* * * * shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such subdivision, to be ascertained by the last assessment," etc. (The italics are ours.)

The Act 11 of 1924 was not in effect when the bonds in contest were voted for. Therefore, insofar as the issue of bonds for all purposes, including the $130,000 of bonds that were issued in 1922, exceeds 10 per cent. of the assessed valuation of the taxable property in the municipality, the authorization to issue the bonds was not valid, being in violation, not of anything in the Constitution of 1921, but of the limitation in section 26 of act 46 of 1921, as it was originally enacted. The action to annul the proceedings, however, for that or any other illegality, irregularity or informality, is barred by the provisions of subsection (n) of section 14 of article 14 of the Constitution of 1921, viz.:

"For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said

election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters. The provisions of this section shall not apply to the city of New Orleans."

It is not necessary to say—rather there is no occasion for saying—whether section 26 of act 46 of 1921, before it was amended, was unconstitutional because it limited the right to issue bonds to 10 per cent. *for all purposes* instead of 10 per cent. *for any one purpose*, as allowed by the Constitution .of 1921. It is sufficient to say that the statute was not violative of any provision in the Constitution as far as the statute did allow municipalities to issue bonds. It is not necessary to decide whether this suit would be barred by the provisions of subsection (n) of section 14 of article 14 of the Constitution, if the bond issue exceeded the limitation imposed by the Constitution itself. The excess over 10 per cent. for all purposes violated not the Constitution, but the statute of 1921. The action to annul the proceedings for violation of a statute is barred by the terms of subsection (n) of section 14 of article 14 of the Constitution.

The judgment is affirmed, at appellant's cost.