(106 So. 285)

No. 27513.

HENDERSON LAND, TIMBER & INVESTMENT CO. v. POLICE JURY OF VERNON PARISH.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. Highways ⬅90 — That notice and resolution of police jury to create subroad district omitted plaintiff's lands in first part held not to vitiate notice and resolution.

That notice and resolution of police jury to create subroad district omitted plaintiff's lands in the special description by sections and townships appearing in first part of such notice and resolution *held* not to vitiate notice and resolution construed toegther, where the omitted lands were clearly included in the final description by boundaries, and the description misled neither plaintiff nor the public.

2. Highways ⬅90—Landowner held barred by prescription from attacking creation of subroad district.

Landowner, attacking validity of creation of subroad district because of alleged omission of certain lands in the special designation and their inclusion by boundary description, *held* barred under Const. 1921, art. 14, § 14, par. (n), from attacking the formation of the district, where he instituted suit for that purpose later than 60 days after the creation of the district.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal A. Burgess, Judge.

Suit by the Henderson Land, Timber & Investment Company against the Police Jury of Vernon Parish. From an adverse judgment, plaintiff appeals. Affirmed.

Thompson & Ferguson, of Leesville, for appellant.

Hardin, Hardin & Cavanaugh, of Leesville, for appellee.

THOMPSON, J. This is a suit to have decreed null and void the action of the police jury of the parish of Vernon in creating a subroad district out of territory embraced in road district No. 5 of said parish, including all proceedings in connection with the formation of said district, the ordering and holding of the election, the promulgation of the result of said election, and the issuance of bonds thereunder.

The defense is a denial of the invalidity of the proceedings of the police jury and the averment that subroad district No. 1 of road district No. 5 was duly and legally created in accordance with law, and that all of the proceedings had in connection with the creation of said subdistrict, the election held thereunder, and the authorization of the bond issue, were legal and valid.

The defendant also pleads the prescription of 60 days as provided by the Constitution of 1921, and by Act No. 46 of the Extra Session of the Legislature of 1921.

The special plea was sustained by the court, the plaintiff's demand rejected, and this appeal followed.

It seems that on June 9, 1924, the police jury issued and caused to be published in four issues of the local newspaper a notice to the public of the intention of the police jury to create subroad district No. 1 out of road district No. 5. In that notice the land to be included in the subdistrict was first described by sections and townships, and later by giving the boundaries of the subdistrict. In the notice it was declared that the purpose for which said subroad district was to be created was to submit to the property taxpayers of said subroad district a proposition to issue negotiable bonds and levy a tax for the payment thereof, for the purpose of constructing a gravel road within the said subdistrict.

After the publication of the mentioned notice, the police jury met and adopted a resolution creating said subroad district No. 1 in accordance with the published notice of its intention to do so.

In the second section of the resolution the land to be comprised in said district was described by sections and townships, and in the third section of the resolution the boundaries were definitely fixed and located, just as they were in the published notice.

Thereafter an election was ordered and held in said subroad district No. 1, at which was submitted to the qualified voters of the subdistrict the proposition to incur debt and to issue negotiable bonds therefor in the sum of $125,000, the proceeds of said bonds to be used to construct, build and improve the public roads within the limits of said road district. The roads to be built were described in said resolution.

The election was held on August 26, 1924, and resulted in 69 ballots with a property valuation of $52,396 being cast in favor of the tax and bond issue, and 9 ballots with a property valuation of $3,940.00 against the proposition. The result of the election was duly declared and promulgated by the police jury on August 28, 1924.

This suit was filed on August 4, 1925.

The attack on the formation of the district, which in consequence involves an attack on all subsequent proceedings in connection with the election, the levy of the tax and the issuance of the bonds, is based solely on the variances or discrepancy between the description by sections and the later description by metes and bounds of the land or territory comprising the district.

The plaintiff's lands were not included in the special description by sections and townships, but were embraced in the ultimate description of the district by boundaries.

It is urged on behalf of the plaintiff that the omission of certain lands in the attempted special designation, and their inclusion by the boundary description, is such a variance as to completely nullify the resolution creating the district; that the nullity is so radical and vicious that the resolution cannot stand and cannot be protected by the prescription pleaded.

[1] Our opinion is that the resolution of the police jury and the notice of intention to pass the same are not subject to the attack made on them, either as a relative or as an absolute nullity. They are neither void nor voidable on the ground upon which the attack is made. The notice and the resolution must be taken and construed as a whole and effect given to the same as a whole. When so considered the notice and resolution express the clear and unmistakable intention and purpose of the police jury to include in the subroad district all of the lands embraced within the metes and bounds definitely fixed and well defined in the concluding descriptive portion of the notice and resolution. It will not do to say, therefore, that the earlier description is controlling and the description by boundaries should be read out or ignored altogether. Nor can it be properly said that

because of the omission of certain lands, or the failure to designate them specially and specifically in the first part of the notice and resolution, vitiates the said notice and resolution, when the said omitted lands were clearly included in the final and ultimate description of the subroad district by boundaries. The latest description must be accepted as controlling and expressive of the intention of the police jury.

The notice of the intention to pass the resolution, and the resolution itself, fully informed the plaintiff and the public of the extent of the road district and of the territory to be included in the district.

Neither the plaintiff nor the public were misled in the matter of description.

[2] The plaintiff had ample opportunity to contest the creation of the district if it considered the ordinance vague and defective in matters of description, or that its lands were not legally included in the district. But the plaintiff remained silent for nearly a year—permitted the election to be held, the tax to be levied, and the issue of bonds to be authorized without any protest whatever. It is manifestly now too late to attack the formation of the district on the ground urged.

The Constitution declares that for a period of 60 days from the promulgation of the result of any election, held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization for any cause whatever.

After the expiration of the 60 days, "the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters." Paragraph (n), § 14, art. 14, Const. 1921.

159 La.—24

The prescription or limitation, as thus provided by the organic law, is clearly applicable in this case, and bars the plaintiff's attack on the creation of the subroad district here under consideration.

We have applied this prescription in cases where the grounds of attack were much more serious than the ground of attack here presented. Roberts v. Evangeline School Board, 155 La. 335, 99 So. 280; Brock v. Police Jury, 159 La. 66, 105 So. 227; Chiara v. Lafourche-Terrebonne Drainage District, 159 La. 422, 105 So. 418. The judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree.