(108 So. 548)

No. 27904.

BROWN v. CHATAIGNIER GRAVITY DRAINAGE DIST. NO. 2 OF EVANGELINE AND ST. LANDRY PARISHES.

(May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Drains ⊚⇒20—Defendant drainage district's plea of prescription and exception of no cause of action held properly maintained in taxpayer's suit attacking bond issues, brought more than 60 days after promulgation of result of election authorizing them (Act No. 46 of 1921 [Ex. Sess.] §§ 27, 36; Act No. 238 of 1924, § 13, 27, 28; Const. 1921, art. 14, § 14, subd. [n]).**

Defendant drainage district's plea of prescription and exception of no cause of action *held* properly maintained in taxpayer's suit attacking certain bond issues as violating Act No. 46 of 1921 (Ex. Sess.) §§ 27, 36; Act No. 238 of 1924, §§ 13, 27 and 28, where it was brought more than 60 days after promulgation of result of election authorizing such bond issues, in view of Const. 1921, art. 14, § 14, subd. (n).

2. **Drains ⊚⇒20—Taxpayer's petition, attacking regularity of advertisement under which drainage district bonds were sold, held not to state cause of action, owing to omission of allegation that such bonds had been sold (Act No. 46 of 1921 [Ex. Sess.] § 36).**

Taxpayer's petition, attacking regularity of advertisement under which drainage district bonds were sold contrary to Act No. 46 of 1921 (Ex. Sess.) § 36, *held* not to state cause of action, owing to omission of allegation that such bonds had been sold.

3. **Pleading ⊚⇒228.**
Exception of no cause of action admits well-pleaded facts set out in petition.

O'Niell, C. J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by John Brown against the Chataignier Gravity Drainage District No. 2 of Evangeline and St. Landry Parishes. From a judgment dismissing his suit, plaintiff appeals. Affirmed.

J. Cleveland Fruge, of Ville Platte, for appellant.

R. Lee Garland, of Opelousas, for appellee.

LAND, J. Plaintiff, a property owner and taxpayer of the Chataignier gravity district No. 2 of Evangeline and St. Landry parishes, attacks an ad valorem bond issue of $28,000, and also an acreage tax bond issue of $12,000, voted for and approved unanimously by the qualified electors of said district at a special election held therein on October 13, 1925.

The result of the election was promulgated October 14, 1925, and the present suit was not filed until March 31, 1926, or more than 60 days after the promulgation of the result of said election.

Defendant filed an exception of no cause of action, and a plea of prescription of 60 days, under section 14 (n) of article 14 of the Constitution of 1921, and plaintiff has appealed from a judgment maintaining said plea and dismissing plaintiff's suit.

[1] 1. Plaintiff attacks the ordinance adopt-

ed October 19, 1925, ordering the issuance of the ad valorem bonds, on the ground that said issue is not limited to 40 years, as required by section 27 of Act No. 46 of 1921 (Ex. Sess.), but exceeds that limit by 3 months.

The second ground of attack is leveled at the advertisement for the sale of the ad valorem bonds, inasmuch as the publications were made on the 1st, 12th, and 19th of December, 1925, and not once a week for 3 weeks, in conformity with section 36 of Act No. 46 of 1921.

Plaintiff attacks also the acreage tax bond issue upon the same grounds, and upon the additional ground that, under the provisions of sections 13, 27, and 28 of Act No. 238 of 1924, the amount of the principal and interest of the bonds payable each year may not exceed the amount of the acreage tax which may be funded, after deducting 2½ cents per acre for maintenance purposes, and 15 per cent. of the balance to cover the cost of collection, delinquencies, and contingencies, and that, when these deductions are made, the tax to be funded into bonds will not be sufficient to pay even the interest on the bonds. It is conceded that the 9 cents per acre tax voted and levied and pledged by the bond ordinance is sufficient, without these deductions, to provide for the payment of the principal and interest of the acreage tax bonds.

As more than 60 days had elapsed since the promulgation of the result of the special election authorizing these bond issues, before the institution of the present suit, the plea of prescription and exception of no cause of action filed by defendant was properly maintained by the court below.

After the lapse of 60 days from the date of the promulgation of any election, no one has any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, "for any cause whatsoever." The authority to issue the bonds, the legality thereof and of taxes necessary to pay the same are "conclusively presumed," and this court is without "authority to inquire into such matters." Section 14 (n) of article 14 of the Constitution of 1921; Roberts v. Evangeline Parish School Board, 155 La. 337, 99 So. 280.

[2] 2. We fail to find any allegation in plaintiff's petition to the effect that these bonds had been sold under the alleged illegal advertisement.

Plaintiff does not seek to restrain the sale of these bonds because of advertisement made contrary to law, but merely attacks the regularity of the advertisement, and prays, in the alternative, without alleging a sale in the body of the petition, that the sale of said bonds be declared illegal and contrary to section 36 of Act No. 46 of 1921.

Plaintiff's petition in this respect also fails to disclose a cause of action.

[3] It is true that an exception of no cause of action admits the well-pleaded facts set out in the petition; but we do not understand the law of pleading to be that a plaintiff consistently may pray that a sale be set aside without alleging a sale, and that such prayer supplies such omission in the body of the petition. If the bonds have not been sold pursuant to the advertisement, nor at private sale within 60 days after the date advertised for the reception of sealed bids, the law requires that they should be readvertised. Act No. 46 of 1921, § 36.

Judgment affirmed.

O'NIELL, C. J., dissents.