(117 So. 783)

No. 29276.

**CLEAVER, VASS & CO., Inc., v. CONSOLIDATED ROAD DIST. A OF CAMERON PARISH, LOUISIANA.**

June 11, 1928. Rehearing Denied July 2, 1928.

Lewis R. Graham, of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, for appellee.

W. M. Barrow, of Baton Rouge, for Louisiana Highway Commission, Intervener.

ROGERS, J. Consolidated road district A of Cameron parish, the defendant, was recently formed by the consolidation of road districts Nos. 1 and 6. The newly created

district issued bonds of the value of $105,000, which were purchased, but not accepted, by the plaintiff. In this suit, plaintiff seeks to annul its contract and to recover its deposit. Plaintiff alleges that the proceedings under the authority of which the bonds were issued are illegal, because the provisions of sections 2 and 3 of Act No. 118 of 1921 (Ex. Sess.) were not complied with in the formation of the district, and no opportunity was given for the filing or hearing of protests, thereby lacking due process of law. Per contra, the defendant avers that sections 2 and 3 are inapplicable to the consolidation of road districts which, it contends, is governed by sections 11 and 12 of the statute. Defendant asks, in reconvention, that plaintiff be compelled to specific performance, or, in the alternative, be decreed to forfeit its deposit. The Louisiana highway commission intervened on behalf of the defendant, because it has entered into a contract for certain road construction, the payment for which is to be made partly by the proceeds realized from the sale of the bonds.

The court below rejected plaintiff's demands, recognized the validity of the bond issue, gave defendant judgment on its reconventional demand for $4,000 as liquidated damages, and, in the alternative, ordered plaintiff to comply with its contract. From this judgment, plaintiff has appealed.

In this court, defendant has filed a special plea, wherein it sets up the constitutional limitation of 60 days in bar of plaintiff's action.

The case was tried on an agreed statement of facts showing that the procedure outlined in sections 11 and 12 of the statute was strictly followed in the formation of the defendant road district and in the issuance of the bonds purchased by the plaintiff.

Our conclusion is that the judge of the court below correctly held that the defendant road district was legally organized and that the bonds are valid.

An analysis of the provisions of the statute shows that two distinct methods are prescribed for the formation of road districts and subroad districts—one to be used in the original formation of such districts, and the other to be used in the consolidation of two or more existing districts, with or without additional territory. The former method is set forth in sections 2 and 3, and the latter method is set forth in sections 11 and 12, of the legislative act.

Section 2 prescribes how the notice to create a road district or subroad district shall be ordered and given. It requires that the notice be published once a week for four successive weeks, the first publication to be not less than 30 days before the date fixed for the hearing. Section 3 provides for the hearing of objections at the time appointed in the notice, and for the decision thereon by the police jury before whom the hearing is had. But these sections of the statute refer only to road districts and subroad districts, and not to the consolidation of such districts.

Section 10 is the provision of the law which authorizes the police jury of a parish to consolidate existing road districts or subroad districts. Section 11 prescribes the manner in which this is to be done. The first paragraph of the section declares: "That the procedure to create a consolidated road district shall be as follows:" Then follows the requirement that the police jury shall adopt an ordinance or resolution specifying the districts to be consolidated and their respective indebtedness, declaring the advisability of the consolidation of their roads and, when such is a fact, certain unorganized road territory, and estimating the amount of new money needed to enlarge the district system or systems, the entire indebtedness not to exceed 10 per cent. of the assessed value of the consolidated district. It further provides that no less than 10 days after the publication of the ordinance, the police jury shall

call an election in the consolidated district, at which shall be submitted the question of the issuance of consolidated district bonds. If a majority in number and amount of the qualified property taxpayers who vote at the election shall vote in favor of such bonds, the police jury, upon promulgating the result of the election, shall adopt and publish two ordinances, the first of which shall find and declare that the consolidated road district has been created, and the second of which shall provide for the issuance of the bonds. Section 12 sets forth the manner in which this is to be done.

■ It is plain, therefore, that the ordinance referred to in section 11, specifying the territory to be included in the consolidated district and declaring the advisability of consolidating its system or systems of roads does not establish the district itself. That is accomplished only on the day the bond issue is voted, and is declared at the promulgation of the result of the election by the adoption by the police jury of an ordinance to that effect. The adoption and publication of the preliminary ordinance or resolution is notice to all interested parties of the intention of the police jury to establish a consolidated road district and to call an election for the voting of bonds by such district in the manner and form prescribed by sections 11 and 12 of the statute. If the bond issue be voted, the consolidated district is ipso facto established, and an ordinance to that effect must be adopted by the police jury. If the bond issue be defeated, the proposal to create the consolidated district necessarily falls. In these circumstances, the notice given of the intention to establish a consolidated road district or subroad district is reasonable, and affords ample opportunity to an interested party to oppose the creation of the district and the issuance of its bonds. In that respect, the procedure set forth in the statute is not lacking the due process of the law. St. Louis & Southwestern Railway Co. v. Nattin, Tax Col-

lector, 48 S. Ct. 438, 72 L. Ed. ——, No. 263 October Term of the Supreme Court of the United States, recently decided.

■ Plaintiff's demands must be rejected upon the additional ground that its suit was instituted more than 60 days after the defendant road district was established, the election held, and its result promulgated, approving the issuance of the bonds. Par. (n), sec. 14, art. 14, Const. 1921; Roberts v. School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury, 155 La. 899, 99 So. 690; Brock v. Police Jury, 159 La. 66, 105 So. 227; Chiara v. Lafourche-Terrebonne Drainage District, 159 La. 422, 105 So. 418; Henderson v. Police Jury, 159 La. 733, 106 So. 285.

We do not find any conflict between the doctrine of the foregoing cases and the principle announced in Shautin v. Board of Com'rs, 160 La. 1036, 107 So. 897, cited by the plaintiff. In the latter case, the original drainage district was reorganized. After the reorganization, an attempt to abolish the original district was defeated, because of the refusal of the police jury of one of the parishes and the drainage board to agree thereto. It continued to exist as a legal entity, but had apparently ceased to function. The election was held and the tax levy and bond issue were authorized by the reorganized district only. No complaint was made concerning the reorganization, election, tax levy, or bond issue. Plaintiff confined its attack solely to the proceedings creating the original district. Since the attack did not involve the legality or regularity of the tax levy, bond issue, or the election authorizing the same, the court held that the constitutional and statutory prescriptions invoked by the defendant were inapplicable. The court carefully pointed out, however, at page 1044, of its opinion (107 So. 900), that—

"After a tax has been levied or a bond issue authorized by an election, all grounds of attack for any cause after 60 days are closed against the taxpayer, even the right to attack the ordinance creating the district and the pow-

er and authority of the board to levy the tax or issue the bonds under the election."

This declaration is a reaffirmance of the principle announced in Chiara v. Lafourche-Terrebonne Drainage District, supra, at page 428 of the opinion (105 So. 420), that—

"The creation of the drainage district, the holding of the election authorizing the issuance of the bonds and the levy of the tax, and the promulgation of the result of that election having been had more than 60 days before the filing of this suit, the authority to create the district, the regularity and legality of the proceedings and of the bond issue and tax levy are all conclusively presumed, and the plaintiffs are without authority or standing in court to attack or contest the same."

In Brock v. Police Jury, supra, plaintiff's attack was leveled at the legality of the proceedings under which a subroad district was created. The action was instituted more than 60 days after the creation of the district, the holding of the election to authorize the issuance of bonds and the promulgation of the returns of the election. The constitutional limitation of 60 days was held to be applicable. In the case at bar, a similar situation is presented. While the plaintiff's attack is ostensibly on the creation of the defendant consolidated district, it necessarily involves the legality of the election held to authorize the issuance of the bonds and the promulgation of the returns thereof.

In Hardin v. Police Jury, supra, at page 914 of the opinion (99 So. 695), the court said:

"Whatever may be said about there being a distinction, as to the prescriptive period, between proceedings for the creation of a district and those for holding the election therein after its creation for the issuance of bonds and voting of taxes, the argument is met by the inexorable fact that an attack upon either, after the lapsing of that time, amounts to an assault upon the bonds themselves, as well as the taxes for their payment, a thing which the organic law, in plain terms, says shall not be done."

To the same effect, see Henderson v. Police Jury, supra, where the court declared that an

attack on the formation of a subroad district involves, in consequence, an attack on all subsequent proceedings in connection with the election, bonds, and tax levy.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the plaintiff and appellant.

O'NIELL, C. J., takes no part.