(128 So. 516)

### CHARLES WEBSTER REALTY CO., Inc., v. POLICE JURY OF PARISH OF WASHINGTON

No. 30566.

May 5, 1930.

B. D. Talley, of Bogalusa, for appellant.

C. Sidney Frederick, Dist. Atty., of Covington, for appellee.

THOMPSON, J.

The plaintiff, as a property taxpayer of the parish of Washington, brings this suit to have declared null and void, and without any effect, certain bonds issued by the police jury of said parish, aggregating the sum of $85,575, to

refund the outstanding unbonded indebtedness of said parish.

The main ground of attack is that there is no authority under the law of this state to issue and sell refunding bonds since the adoption of Act No. 218 of 1924, which act amended section 32 of Act No. 46 of 1921 (Ex. Sess.).

That Act No. 218 of 1924 does not authorize the issuance of refunding bonds to pay or to refund certificates of indebtedness, but only bonded indebtedness.

The answer of the police jury alleges the validity of the bonds issued, the legality and regularity of all of the proceedings had in connection with the issue of said bonds, and that said bonds were issued pursuant to constitutional and statutory authority.

The prescription of sixty days is specially pleaded as an absolute bar against any attack on the legality of the bonds, or on any of the proceedings or authority in connection therewith.

The plea of prescription was sustained by the district judge, and plaintiff's suit dismissed.

Under an agreed statement of facts, it is shown that the police jury on June 7, 1929, passed a resolution calling an election for the purpose of submitting to the property taxpayers the question of refunding into bonds the outstanding unbonded debt of the parish, amounting to $85,575. The resolution and the proclamation of election were duly published in the official journal for thirty days. The election was held on July 23, 1929, and resulted in a substantial majority in numbers and amount for the bond issue. The returns were duly canvassed, and proces verbal was duly made and was filed with the clerk of court, and in the office of secretary of state, and published in the official journal of the parish.

Thereafter, on September 6, 1929, the police jury passed a resolution which was published, ordering the issuance of the bonds in the amount stated, and authorized notices to be published for the sale of said bonds. The notices were published in the parish official journal, and in the Times-Picayune, stating that said bonds would be sold, or that bids would be received on October 4th, 1929.

That on said date the Washington Bank & Trust Company bid the par value of said bonds and accrued interest, which was accepted by the police jury. It is admitted that said bonds were regularly issued and were registered with the secretary of state as required by law. That a tax of one-half mill has been levied by the police jury for 1929 on the property of said parish to take care of the bonds and interest maturing in 1930.

It is further admitted that all of the proceedings have been had and were taken as required by section 14, paragraph (g), of article 14 of the Constitution of the state, and section 32 of Act No. 46 of 1921 (Ex. Sess.), and that such proceedings were all in due form and regularly published as required by law.

The present suit was filed February 19, 1930, more than sixty days after the publication of the result of the election, which was August 8, 1929, and more than thirty days after the acceptance of the bid for said bonds, which, as stated, was on October 4, 1929.

It is further admitted that the total assessment of Washington parish for 1928 was $17,460,860, and the outstanding bonded debt at the date of the trial was $383,000.

As appears from the foregoing statement, the election was had and the bonds were issued pursuant to paragraph (g) of section 14, article 14, of the Constitution of 1921, and section 32 of Act No. 46 of 1921 (Ex. Sess.),

and the plaintiff concedes that if section 32 of the Act of 1921 was not superseded by Act No. 218 of 1924, then the attack on the bond issue must fail.

We are not called upon to reconcile the two acts, if, indeed, there is any conflict between them, for the purpose of determining whether the police jury was authorized to make the bond issue on the vote of the taxpayers.

Indeed, the organic law prohibits the court from inquiring into the validity of the proceedings, the legality of the bonds, and the authority under which the bonds were issued, where the suit, having such purpose, is not brought within the prescribed delay.

The plaintiff, though domiciled in the parish, delayed making an attack on the bond issue for more than six months after the promulgation of the result of the election authorizing the bonds to be issued, and more than four months after the bonds were sold to a bank in the parish.

The doors of the court are therefore closed against the attack on the legality of the bonds, if the Constitution of the state is to be obeyed.

The last paragraph (paragraph n) of section 14, article 14, of the Constitution of 1921, declares that, for a period of sixty days from the date of promulgation of the result of any election held under the provisions of the section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized for any course; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization for any cause whatever.

And the article proceeds to say further that, if the attack is not made on the election, the tax, or the bond issue within the time specified, then the *authority* to issue the bonds, the *legality* thereof, and of the taxes necessary to pay the same shall be *conclusively presumed,* and no court *shall have authority to inquire into such matters.*

This court has had occasion to apply this constitutional limitation of the right of attack on bond issues in at least five cases arising under the various paragraphs of the section and article of the Constitution referred to.

It is needless to quote from the cases in which this court has maintained the prescription—the mere citation of the cases will suffice. Roberts v. Evangeline School Board, 155 La. 332, 99 So. 280; Hardin v. Police Jury, 155 La. 899, 99 So. 690; Brock v. Police Jury, 159 La. 66, 105 So. 227; Chiara v. Lafourche Drainage District, 159 La. 422, 105 So. 418; Henderson Land, etc., v. Police Jury, 159 La. 734, 106 So. 285; Cleaver, Vass & Co. v. Consolidated Road District, 166 La. 712, 117 So. 783.

The plea of prescription was properly sustained, and that judgment is affirmed at cost of plaintiff and appellant.

O'NIELL, C. J., dissents on the ground that the principal complaint of the plaintiff is that the refunding bonds should be deposited with the state treasurer, as required by Act No. 218 of 1924.