ROGERS, Justice.
 

 This is a suit by Albert H. Nanney, a qualified elector and taxpayer, attacking the legality of the proceedings creating Sewerage District No. 3, of the Town of Leesville, and calling a special eler rion in the District for the purpose of issuing bonds to construct, acquire, extend, and improve a sewer system, together with the necessary equipment and furnishings therefor.
 

 The defendants are the Town of Leesville, Sewerage District No. 3, and the Mayor and Board of Aldermen of the Town, as the governing authority of the Sewerage District.
 

 
 *778
 
 Plaintiff alleges that the proceedings of the Mayor and Board of Aldermen are illegal, because the municipal officers are not authorized to establish a sewerage district embracing the territorial limits of the mu-' nicipality; that they are not empowered to create an overlapping sewerage district, or a district that includes the territory of two other districts previously created; and that the bonds, the issuance of which the electors and taxpayers authorized, together with the bonds outstanding, exceed the constitutional limitation of 10% of the assessed valuation of the taxable property in the newly created District.
 

 Answering the suit, the defendants filed an exception of no right or cause of action, pleas of prescription of thirty days to the attack on the creation of the sewerage district and sixty days to the attack upon the validity of the bonds. They also pleaded the legality of the proceedings and the validity of the bonds. ’
 

 The case was submitted for decision to the Court below on the pleadings, exhibits, and an agreed statement of facts. Upon the issues as thus presented, the trial judge rendered a judgment in favor of defendants, rejecting plaintiff’s demands. He sustained defendants’ exception and pleas of prescription and also decreed as valid the proceedings creating the Sewerage District, the election held therein, the issuance of bonds in the amount of $85,000 and the levy and collection of taxes to pay the bonds in principal and interest. The plaintiff has appealed from the judgment.
 

 Briefly stated, the facts as disclosed by the agreement of the parties and the attached exhibits are as follows: The plaintiff is a qualified elector and property taxpayer, residing in Sewerage District No. 3,’ of the Town of Leesville, which town is a municipal corporation created under the provisions of Act 136 of 1898. By Ordinance No. 212, adopted March 11, 1930, and Ordinance 306, adopted March 25, 1941, Sewerage Districts Nos. 1 and 2, of the Town of Leesville, were created, respectively. By Ordinance Ño. 309, adopted March 26, 1941, the territorial limits of Leesville were extended, and by Ordinance No. 310, adopted May 27, 1941, Sewerage District No. 3 was created by the consolidation of Sewerage Districts Nos. 1 and 2 and by extending the boundaries thereof so as to include all the territory situated within the corporate limits of the municipality as defined by Ordinance No. 309. At the time of their consolidation with Sewerage District No. 3, Sewerage District No. 1 had an outstanding bonded indebtedness of $13,309 and Sewerage District No. 2 had no bonded indebtedness. The taxable value of all the property situated within the corporate limits of the Town of Leesville and Sewerage District No. 3, as shown by the assessment rolls for the year 1940, is the sum of $1,045,-339.
 

 Pursuant to the authority granted by the State Bond and Tax Board of Louisiana, the Mayor and Board of Aldermen of Lees-ville adopted Ordinance No. 311, calling a special election in Sewerage District No. 3 to obtain the sense of the qualified electors and property taxpayers within the District on the proposition of issuing negotiable bonds to the amount of $100,000, for the purpose of constructing, acquiring, extending,
 
 *780
 
 and improving a sewer system, together with the necessary equipment and furnishings therefor. The special election was regularly held on July 1, 1941, and the result thereof was promulgated as required by law, showing that the proposition was carried by the votes of a majority of the qualified electors and taxpayers participating in the election.
 

 Due to the location and construction of Camp Polk in the vicinity of the Town of Leesville, and the resultant increase of the population of the town, it is necessary to extend the existing sewer system so as to provide adequate sanitary facilities for its residents. The United States Government, through the Federal Works Agency, Defense Public Works Division, has offered to make a grant of $339,596 to Sewerage District No. 3, of Leesville, in order to aid in financing the construction of a sewer system and public improvements for which the issuance of the bonds was authorized at the special election.
 

 In view of the grant made by the Federal Government, it is not necessary, and the governing authorities of the Sewerage District do not intend, to issue more than $85,-000 of the authorized issue of $100,000 of bonds, in order to accomplish the purposes for which the bonds were voted.
 

 No protests of any nature or kind have been made by any qualified elector or property taxpayer, or by anyone else to the Mayor and Board of Aldermen contesting or complaining of the inclusion of any of the property situated within Sewerage District No. 3, or protesting against the calling and holding of the election or the issuance of the bonds.
 

 The judgment appealed from is correct in every respect.
 

 Plaintiff’s contention that under sub-paragraph (c) of Section 14 of Article XIV of the Constitution of 1921, a municipality is without authority to create a sewerage district co-extensive with its. territorial limits, is untenable. The provision of the Constitution, as amended by Act 177 of 1924, reads as follows: “The Legislature * * * may by general law authorize the police juries to create sewerage districts, composed of territory wholly within a parish, but no sewerage district shall be created comprising the whole territory of a parish; and may by general law authorize municipal corporations to create sewerage districts, whose territory may be less than the territory of the municipality * *
 

 The constitutional provision, although authorizing police juries to create sewerage districts, expressly prohibits them from creating any sewerage district comprising the whole territory of a parish. But there is no such prohibition as regards municipalities. As to them, the constitutional provision expressly declares that: “The Legislature * * * may by general law authorize municipal corporations to create sewerage districts, whose territory may be less than the territory of the municipality * *
 

 The provision is permissive rather than prohibitive. The language in which it is couched indicates that the framers of the Constitution having in mind the fact that most sewerage districts embraced or would embrace the whole territory within the cor
 
 *782
 
 porate limits of the municipality, intended to make it clear that under the constitutional provision municipalities would have a discretionary right to create sewerage districts composed of less territory than the entire territory within the corporate limits.
 

 [2] At the time the 'Constitution of 1921 was adopted, Act 246 of 1916 was in effect. This act authorizes municipal corporations having a population of not more than ten thousand to create sewerage districts, “to embrace their entire respective territorial limits, or any portion of their respective territorial limits.” This act was not repealed or modified by subsection (c) of Section 14 of Article XIV in the Constitution of 1921. Under the provisions of this Act, incorporated municipalities the size of Leesville are given the right to create sewerage districts embracing the entire, or any part of the territorial limits of the municipality.
 

 Another contention of the plaintiff, which is untenable, is that the municipal authorities' are without legal authority to create Sewerage District No. 3 by consolidating Sewerage Districts Nos. 1 and 2 and attaching thereto the additional territory incorporated in the Town of Leesville.
 

 Under Section 1 of Act 26 of 1926, municipal corporations, with the exception of the City of New Orleans, are given the right “to create one or more sewerage districts within their respective limits; to enlarge the same after such districts are created, and to consolidate them.”
 

 Act 46 of 1928, although it does not refer to Act 26 of 1926, is to the same effect.
 

 [3] The Town of Leesville previously created Sewerage Districts Nos. 1 and 2, but due to the rapid growth of the Town, caused by the construction of Camp Polk in its vicinity, it is necessary to enlarge the sewer system in order to adequately serve the inhabitants of the municipality. The Town has recently extended its corporate limits so as to embrace an adjoining area in which a number of residences are being constructed for their use, none of which can be served by the present sewer system. In these circumstances, it becomes necessary to enlarge the sewer system by extending the limits of Sewerage Districts Nos. 1 and 2 and consolidating them as thus extended into a sewerage district designated as Sewerage District No. 3. The newly created Sewerage District does not in any sense constitute an overlapping of the existing sewerage districts. It represents the consolidation of the entire territory of Sewerage District No. 1 with the entire territory of Sewerage District No. 2 and the extension of the limits of both districts to form the enlarged sewerage district designated as Sewerage District No.. 3.
 

 The third and last contention of plaintiff is that the bonds authorized to be issued, together with the bonds outstanding, exceed the constitutional limit of 10% of the assessed value of taxable property situated in Sewerage District No. 3. This contention is not well-founded.
 

 [4] Sewerage District No. 1 issued bonds, of which issue it has now outstanding in principal and interest the sum of $13,309. Of this amount $12,500 represents the principal of the indebtedness. No bonds were is
 
 *784
 
 sued by Sewerage District No. 2. Sewerage District No. 3, which was formed by the consolidation and extension of Sewerage Districts Nos. 1 and 2, was authorized by the voters at the special election to issue bonds in the amount of $100,000. The assessed value of the taxable property situated within Sewerage District No. 3 is $1,045,339. Realizing that they could not issue bonds to the full amount of $100,000 without exceeding the constitutional limits of 10% of the assessed valuation of the property within the sewerage district, the Mayor and Board of Aldermen, as the governing authority of the District, adopted Ordinance No. 321 providing for the issuance of bonds in the sum of $85,000 instead of in the sum of $100,000. The $85,000 in bonds, which are tó be issued by Sewerage District No. 3, added to the $13,309 of bonds, in principal and interest, outstanding against Sewerage District No. 1 makes the total amount of the bonds outstanding $98,309 which is well within the constitutional limitation of 10% of the assessed valuation of the property within Sewerage District No. 3.
 

 The ordinance creating Sewerage District No. 3 was adopted on May 27, 1941. It was first published in the Leesville Leader on May 29, 1941 and regularly thereafter until July 1, 1941, when the special election called by the Mayor and Board of Aldermen was held. Plaintiff filed this suit on September 30, 1941, which was more than thirty days after the date of the first publication of the ordinance creating Sewerage District No. 3.
 

 Defendants contend that, by failing to file his' suit within thirty days from the first publication of the ordinance creating Sewerage District No. 3, plaintiff lost his right to contest the authority of the Mayor and Board of Aldermen to create the District, and that his action is barred by the prescription of thirty days, which prescription defendants expressly pleaded.
 

 Defendants’ contention and plea of prescription are supported by the provisions of Section 1 of Act 26 of 1926, which reads as follows: “All ordinances creating, enlarging or consolidating a sewerage district or bringing a sewerage district under the provisions of this act, shall be published for thirty days in a newspaper published in the municipality in which such sewerage district is situated; four publications in such newspaper once a week constituting publication for thirty days, and within thirty days from the date of the first publication any owners of property within the limits of said sewerage district or other party interested shall have the right to appeal to the courts for the purpose of contesting the action of the governing authority of the municipality or urging any objection to the inclusion of his properties in such district, after which time such action of said governing authority shall be incontestable for any cause whatsoever, and it shall be conclusively presumed that said sewerage district is regularly and legally created, and that all properties therein are lawfully included in said district, and no court shall be vested with jurisdiction to entertain any cause which calls into question the validity or regularity of the action of the governing authority of the municipality in creating, enlarging, consolidating, or reorganizing said district, or raises the question of whether the
 
 *786
 
 properties located therein are such as should have been included within the district * * =!=
 
 ”
 

 In answer to plaintiff’s attack upon the proceedings leading to the election, the election itself, the bonds authorized thereunder, and the levy of taxes to redeem the bonds, defendants filed an exception of no cause or right of action and a plea of prescription of sixty days.
 

 The election was held on July 1, 1941. The Mayor and Board of Aldermen canvassed and promulgated the returns of the election on July 3, 1941. A copy of the promulgation was filed in the clerk’s office of Vernon Parish on July 9, 1941, and another copy of the promulgation was filed with the Secretary of State on July 24, 1941. Beginning July 10, 1941, the promulgation was properly advertised in the Leesville Leader.
 

 In support of their exception and plea of' prescription, defendants rely upon the provisions of Article 14, Section 14(n) of the Constitution of 1921, which read, in part, as follows: “For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or. right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality, thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters. * * * ”
 

 The prescription created by this constitutional provision has been invoked and maintained by this Court in numerous cases. The Court has held that the prescription precludes contests as to the validity of bonds on the ground that the amount of the bond issue was in excess of the assessed value of taxable property in the district by which they are issued. One case of this character is Covington Bank & Trust Co. v. Town of Covington, 159 La. 389, 105 So. 382, which held, as expressed in the syllabus,' as follows : “Although authorization for a bond issue, making the bonded debt of the town of Covington in excess of 10 per cent, of the assessed value of its taxable property was not valid, under Act No. 46 of 1921, §
 
 26,
 
 suit to annul the tax election and ordinance for issuing the bonds, filed later than 60 days after promulgation of the result of election providing for the issue, was barred, under Const.1921, art. 14, §14, subsec. (a).”
 

 This holding was approved in the case of Bordes v. East Jefferson Water Works District, 186 La. 249, 172 So. 8.
 

 In the case of Henning v. Town of Sulphur, 191 La. 979, 186 So. 845, this Court held, as expressed in the syllabus, as follows : “Where more than 60 days had elapsed from the date of promulgation of ire-suit of special election authorizing municipality to issue bonds to construct sanitary.
 
 *788
 
 sewerage system authorized by statute, plea of prescription of 60 days precluded contest as to validity of the bonds for purpose for which they were issued. Acts No. 46 and 80 of 1921,. Ex Sess.; Const.1921, art. 14, § 14(n).”
 

 Other cases in which the constitutional prescription was applied, are: Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Roy v. City of Lafayette, 168 La. 1081, 123 So. 720; McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841; and Miller v. Town of Bernice, 186 La. 742, 173 So. 192. The latest case in which the prescription was successfully invoked is Houssiere v. City of Jennings, 195 La. 1042, 197 So. 750.
 

 For the reasons assigned, the judgment appealed from is affirmed.