O’NIELL, Chief Justice.
 

 The plaintiff is suing as a taxpayer in Road District No. 4 of the Parish of Calcasieu to annul the proceedings of the police jury, including a taxpayers’ election held in the road district on August 12, 1941, authorizing a bond issue of $200,000. The ground on which the plaintiff contends that the election and other proceedings authorizing the proposed bond issue are null is that the newspaper in which the notice or call for the election was published and in which the result of the counting of the ballots and canvassing of the returns was promulgated was not published in Road District No. 4. The only newspaper published in the road, district was the
 
 Southwest Builder,
 
 published in the Town of Sulphur, and supposed to be published weekly but in fact published not every week but 'only at uncertain and irregular intervals. For that reason the policy jury published the call for the election and the result of the count of the ballots and canvass of the returns in the
 
 Daily American Press,
 
 which is the official journal of the police jury, published in Lake Charles, the parish seat, and having a circulation throughout Road District No. 4, as well as in all other parts of the parish. The defendant, police jury, therefore, pleaded that in these circumstances the publication jn the
 
 Daily American Press
 
 was a substantial compliance with the statute on the subject — sections 5 and 22 of Act No. 46 of the Extra Session of 1921. And, as the suit was filed more than sixty days after the result of the election was promulgated, the police jury pleaded that the suit to annul the election and other proceedings authorizing the bond issue was barred by the prescription of sixty days, under section 14(n) of Article XIV of the Constitution, and section 43 of Act No. 46 of the Extra Session of 1921, providing for the issuing of bonds by road districts and other political subdivisions. The district court gave judgment for the defendant, declaring that the proposed bond issue and the proceedings authorizing it were valid, and that their validity was protected by the prescription of sixty days. The judge
 
 *133
 
 therefore rejected the demand of the plaintiff and dismissed his suit. He is appealing from the decision.
 

 It is conceded that Road District No. 4 was created legally, that the purposes of the proposed bond issue are lawful, and that the amount thereof is within the limitations prescribed by the Constitution and laws on the subject. The only complaint is that the notice of election, or call for the election, and the result of the counting of the ballots and canvassing of the returns, were not published in a newspaper published in the road district. The statute under which the proceedings were had is Act No. 46 of the Extra Session of 1921. The 5th section of the act provides that the notice of election shall be published for 30 days in a newspaper published in the political subdivision proposing to issue the bonds, or, if no newspaper is published in that subdivision, in a newspaper published in the parish, or, if no newspaper is published in the parish, in a newspaper published in an adjoining parish and in this event by posters in three public places in the subdivision in which the election is to be held. It is provided also that four publications in a newspaper published once a week will constitute publication for thirty days, provided thirty days intervene between the date of the first publication and the date of the election. In section 22 of the act it is provided that the result of the counting of the ballots and canvassing of the election returns shall be promulgated by publication in one issue of a newspaper published in the subdivision in which the election was held, or, if there is no newspaper published in the subdivision, in a newspaper published elsewhere in the parish, or, if there be no newspaper published in the parish, in a newspaper published in an adjoining parish. It is admitted in this case — and is declared in the judgment appealed from — that the newspaper called
 
 Southwest Builder,
 
 which was the only newspaper published in Road District No. 4, had missed some of its weekly publications, and that there was no assurance that it would be published regularly during the period in which the notice or call for the election in this instance would have to be published, or during the period in which the result of the election would have to be promulgated; hence it is declared in the- judgment that the publications made in the
 
 Daily American Press,
 
 the official journal of the police jury, were valid publications. We concur in the opinion of the district court that the publishing of the notice of the election and of the result thereof in the official journal of the police jury was a valid and sufficient publication, because the conditions in that respect were substantially the same as if there was no newspaper published in Road District No. 4 at the time when these publications had to be made. For that reason we believe that the proposed bond issue should be held valid even if its validity were not protected by the prescription of sixty days. But we concur also- in the opinion of the district court that the validity of the bonds is protected by the prescription of sixty days, under Section 14 (n) of Article XIV of the Constitution and Section 43 of Act No. 46 of the Extra Session of 1921 — which section and act are alike in their terms. Section 14(n), under
 
 *134
 
 the provisions of which the election was held, is as follows:
 

 “For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bondi issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters. The provisions of this section shall not apply to the City of New Orleans.” .
 

 In each of the following cases the prescription of sixty days was held.to bar a suit for a cause of action far more serious than the complaint of the plaintiff in this case, viz.: Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Brock v. Police Jury of St. Landry Parish, 159 La. 66, 105 So. 227; Fontenot v. Miller Gravity Drainage District No. 3 of Evangeline Parish, 159 La. 302, 105 So. 351; Chiara et al. v. Lafourche-Terrebonne Drainage District et al., 159 La. 422, 105 So. 418; Henderson Land, Timber & Investment Co. v. Police Jury of Vernon Parish, 159 La. 733, 106 So. 285; Brown v. Chataignier Gravity Drainage District No. 2 of Evangeline & St. Landry Parishes, 161 La. 309, 108 So. 548; Cleaver, Vass & Co. v. Consolidated Road District A, 166 La. 711, 117 So. 783; Roy et al. v. City of Lafayette, 168 La. 1081, 123 So. 720; Charles Webster Realty Co., Inc., v. Police Jury of Parish of Washington, 170 La. 562, 128 So. 516; Gravity Drainage District No. 2, Tangipahoa Parish v. Caldwell & Co., 171 La. 58, 129 So. 668; Miller v. Town of Bernice et al., 186 La. 742, 173 So. 192; Sealy v. Iberia Parish School Board, 191 La. 223, 185 So. 6; Henning v. Town of Sulphur, 191 La. 979, 186 So. 845.
 

 The judgment is affirmed at appellant’s cost.