For the reasons assigned the judgment is affirmed.

O'NIELL, C. J., and HAWTHORNE, J., do not take part.

39 So.2d 743

**HARREL v. WINN PARISH SCHOOL BOARD.**

No. 39360.

March 21, 1949.

Harry Fuller, of Winnfield, for plaintiff-appellant.

Sam L. Wells, of Colfax, for defendant-appellee.

FOURNET, Justice.

This suit was instituted on February 11, 1949, by a citizen and taxpayer of the Town of Winnfield, Louisiana, to have declared

null and void the action taken by the Winn Parish School Board on May 2, 1947, in adopting a resolution enlarging the Winnfield School District so as to embrace and overlap an existing school district (in contravention of Act No. 152 of 1920, as amended by Act No. 190 of 1936) having an outstanding bonded indebtedness of $98,-000, with the result that the district as previously constituted will be subject to an ad valorem tax in excess of 10% of its assessed valuation, in violation of Section 14(f) of Article XIV of the Constitution of 1921, and also to enjoin the issuance and sale of the bonds authorized by the taxpayers of the district in an election held on May 18, 1948. It is now before us on an appeal taken from the judgment of the lower court maintaining the defendant's plea in bar of the action under the provisions of Section 14(n) of Article XIV of the constitution and denying the relief sought.

The framers of our constitution by incorporating Section 14(n) of Article XIV made it plain that they intended to fix 60 days from the date of the promulgation of the returns from any election held under the provisions of Section 14 as a reasonable time within which taxpayers or any interested persons could contest the legality of any election held under Section 14, the bond issue provided for, or the tax assessed, after which their legality is conclusively presumed and not subject to contest in the courts "for any cause whatsoever." Brock v. Police Jury, Parish of St. Landry, 159 La. 66, 105 So. 227; Fontenot v. Miller Gravity Drainage District No. 3 of Evangeline Parish, 159 La. 302, 105 So. 351; Covington Bank & Trust Co. v. Town of Covington, 159 La. 389, 105 So. 382, 383; Chiara et al. v. Lafourche-Terrebonne Drainage District et al., 159 La. 422, 105 So. 418; Henderson Land, Timber & Investment Co. v. Police Jury of Vernon Parish, 159 La. 733, 106 So. 285; Brown v. Chataignier Gravity Drainage District No. 2 of Evangeline & St. Landry Parishes, 161 La. 309, 108 So. 548; Cleaver, Vass & Co. v. Consolidated Road District A, 166 La. 711, 117 So. 783; Roy et al v. City of Lafayette, 168 La. 1081, 123 So. 720; Charles Webster Realty Company, Inc., v. Police Jury of Parish of Washington, 170 La. 562, 128 So. 516; Gravity Drainage District No. 2, Tangipahoa Parish, v. Caldwell & Co., 171 La. 58, 129 So. 668; McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841; Miller v. Town of Bernice, 186 La. 742, 173 So. 192; Henning v. Town of Sulphur, 191 La. 979, 186 So. 845; Houssiere v. City of Jennings, 195 La. 1042, 197 So. 750; Nanney v. Town of Leesville, 198 La. 773, 4 So.2d 825; Carnahan v. Police Jury of Calcasieu Parish, 199 La. 262, 5 So.2d 766; Thistlethwaite v. Mayor and Board of Aldermen, 199 La. 890, 7 So.2d 175; Gough v. LaSalle Parish School Board, 210 La. 554, 27 So.2d 330; Sansing v. Rapides Parish School Board, 211 La. 936, 31 So.2d 169; Browning v. Webster

Parish School Board, 212 La. 139, 31 So. 2d 621.

The record shows that the returns of the bond election held on May 18, 1948, were promulgated on May 22, 1948, some nine months prior to the institution of this suit (February 11, 1949). Plaintiff is, therefore, without right to question the legality of this election or the validity of the bond issue and tax assessment authorized thereby.

For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.