185 So. 6

**SEALY v. IBERIA PARISH SCHOOL BOARD.**

No. 35128.

Nov. 28, 1938.

Rehearing Denied Nov. 29, 1938.

Minos H. Armentor, of New Iberia, for appellant.

L. O. Pecot, of Franklin, and S. O. Landry, of New Iberia, for appellee.

LAND, Justice.

On July 14, 1938, defendant School Board adopted Ordinance No. 8, creating Special School District No. 9, embracing all of the territory lying in the First, Second, Fifth and Sixth Wards of Iberia Parish, and all of the Ninth Ward, excluding Marsh Island, and that part of the Seventh Ward which does not lie in the Delcambre School District No. 2 for the Parishes of Iberia and Vermilion, thereby including the terri-

tory contained within School District No. 6 in Special School District No. 9.

By resolution of defendant School Board, adopted on July 14, 1938, a special election was called and held on August 23, 1938, to determine the proposition to incur debt and issue bonds of Special School District Number Nine, to the amount of $175,000, to run for a period of 20 years, bearing interest at the maximum rate of 5% per annum, payable semi-annually. The funds thus derived were to be used for the purchasing of additional property for a school site in the City of New Iberia; enlarging and equipping the present New Iberia High School; erecting and equipping a gymnasium for the present New Iberia High School; erecting and equipping a Home Economics cottage at the New Iberia High School; erecting and equipping a school in the Coteau Section; enlarging, repairing and equipping the Peebles School; erecting and equipping a school at Weeks; enlarging, repairing and equipping the Charlotte School; and erecting and equipping four one-room rural schools to be located in the First, Second, Ninth and Fifth Wards; all in Special School District No. Nine of Iberia Parish. On August 24, 1938, after examining and canvassing the returns of the Special election, defendant School Board promulgated the result in favor of the proposition to incur debt and issue bonds of Special School District Number Nine in the Parish of Iberia, to the amount of $175,000, to run for a period of 20 years, bearing interest at the maximum rate of 5% per annum, payable semi-annually; the funds thus derived to be used for the purposes above stated; the majority votes in favor of the proposition being 228 and the amount being $984,848.43. Transcript 11.

On November 17, 1938, or 84 days after the promulgation of the result of the special election, the plaintiff, a resident taxpayer of the Sixth Ward of Iberia Parish, and a duly qualified voter in that Ward, filed the present suit in the Sixteenth District Court to have "the creation of the Special School District No. 9" to be decreed "illegal, null, and void," and alleges that "the issuance of the bonds therefore is illegal, null and void." See Petition, Par. 11, Transcript p. 6.

Plaintiff prays for a preliminary injunction prohibiting defendant School Board from delivering the bonds "which it contemplates issuing, and generally from taking any further action in the premises." See Petition, Par. 13, Transcript p. 7.

Defendant School Board filed an exception of no cause or right of action, a plea of prescription of 60 days, as provided for in Article 14, Section 14 (n) of the Constitution of 1921, and Section 43 of Act No. 46 of 1921, Extra Session; and a plea to the jurisdiction of the court to inquire into or to adjudicate upon the matters presented by plaintiff's petition, under the provisions of Article 14, Section 14 (n), and Act No. 46 of 1921, Ex.Sess., Section 43.

Judgment was rendered in favor of defendant School Board, maintaining the plea of prescription and the exception of no right or cause of action, and dismissing plaintiff's suit at his cost, Transcript p. 20, and the plaintiff has appealed.

Section 14 (n) of Article 14 of the Constitution of 1921 provides that: "For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof and of the taxes necessary to pay same shall be conclusively presumed, and no court shall have authority to inquire into such matters."

In paragraph 10 of plaintiff's petition it is alleged that:

"Petitioner further shows that the ordinance creating the Special School District No. 9 is invalid, illegal, null and void, for the reason that the district it establishes and organizes embraces the whole of another district, namely—the School District No. 6, and that neither of the said districts is composed of the Parish of Iberia as a whole; nor is said District No. 9 a sub-district and therefore does not come within the exceptions provided by law."

In paragraph 11 of plaintiff's petition it is further alleged that:

"The said Iberia Parish School Board is prohibited by the prohibitory provisions of Section 2 of Act No. 152 of 1920 as amended by Section 1 of Act No. 190 of 1936 from establishing or creating any school district embracing the whole or any part of the territory of another and previously established school district, *and to levy a tax* upon any property subject to taxation situated within the first created school district, *and therefore the creation of the said School District No. 9* is illegal, invalid, null and void, *and all proceedings taken* by said Iberia Parish School Board *with reference thereto or in furtherance of the incurring of the debt hereinabove mentioned, and the issuance of the bonds therefore is illegal, null and void,* and the said Iberia Parish School Board is consequently without authority to further proceed with the execution of its said purpose." Transcript pp. 5 and 6.

Whatever might be the merit of plaintiff's contentions, had they been urged within the constitutional limitation of 60 days, it is clear from the plain, emphatic, and broad language of Section 14 (n) of Article 14 of the Constitution of 1921, that plaintiff, after the lapse of 84 days from the date of the promulgation of the result of the special election of August 23, 1938, has no cause or right of action to contest the regularity, formality or legality of this election, tax provision or bond authorization, *"for any cause whatsoever,"* and that "no court shall have authority *to inquire into such matters."*

Under the original Section 14 of Article 14 of the Constitution of 1921, as amended,

Section 14 (a), as amended by Act No. 51 of 1926, and Section 14 (a), as amended by Act No. 261 of 1926, and Section 14 (b), school, road, sub-road, and drainage districts, etc., "may incur debt and issue negotiable bonds, when authorized by a vote of a majority in number and amount, of the property tax-payers qualified to vote under the Constitution and laws of this State, who vote at an election held for that purpose after notice published or posted for thirty (30) days in such manner as the Legislature may prescribe, and the governing authorities of such subdivisions shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest annually or semi-annually and the principal falling due each year, or such amount as may be required for sinking fund necessary to retire said bonds at maturity." Section 14 (a), as amended by Act No. 51 of 1926.

This court has repeatedly maintained the constitutional prescription of 60 days in suits attacking the legality of creation of school districts, sub-road districts and drainage districts, and the validity of the bond issue and tax levy authorized.

In Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690, the plaintiff attacked the proceedings of the police jury of Vernon Parish creating a road district, the issuance of bonds, and levying of a tax pursuant thereto.

In that case plaintiff assailed the ordinance creating the consolidated road district on the grounds:

"(a) That defendant did not specify the existing districts to be included in the consolidated district, with their bonded and floating indebtedness.

"(b) That the ordinance creating the district was not published for ten days in the official journal.

"(c) That said consolidated district could have no existence until ten days publication of the intention to create the same, and the jury was powerless to order an election until the expiration of that delay.

"(d) That after promulgating the result, the police jury did not adopt an ordinance 'finding and declaring that said consolidated road district No. 1 had been created.'" Page 904, 99 So. page 691 of opinion in Hardin Case.

In that case the prescription of 60 days was pleaded by the defendant Police Jury under Section 14 (n) of Article 14 of the Constitution of 1921, and maintained.

It is to be noted particularly that the Court, at page 914, 99 So. at page 695 of the opinion in the Hardin Case, observed:

"Whatever may be said about there being a distinction, as to the prescriptive period, between proceedings for the creation of a district and those for holding the election therein after its creation for the issuance of bonds and voting of taxes, the argument is met by the inexorable fact *that an attack upon either, after the lapsing of that time, amounts to an assault upon the bonds themselves, as well as the taxes for their payment,* a thing which the organic law, in plain terms, says shall not be done." (Italics Ours.) See, also, Brock v. Police Jury to the same effect, 159 La. 66, 105 So. 227, and Cleaver, Vass & Co. v. Con-

solidated Road Dist. A. of Cameron Parish, 166 La. 711, 117 So. 783.

In Chiara et al. v. Lafourche-Terrebonne Drainage Dist. et al., 159 La. 422, 105 So. 418, the suit attacking the legality of the creation of the drainage district, the validity of the bond issue, and the tax levy authorized by the commissioners of the district, because part of the land included in such district was embraced in another district, was brought later than 60 days after the creation of the district, and the plea of prescription of 60 days under Section 14 (n) of Article 14 of the Constitution of 1921 was maintained.

In that case it was held that: "The creation of the drainage district, the holding of the election authorizing the issuance of the bonds and the levy of the tax, and the promulgation of the result of that election having been had more than 60 days before the filing of this suit, *the authority to create the district,* the regularity and legality of the proceedings and of the bond issue and tax levy *are all conclusively presumed,* and the plaintiffs are without authority or standing in court to attack or contest the same." Page 428, 105 So. page 420. (Italics Ours.)

In Henderson Land, Timber & Investment Co. v. Police Jury of Vernon Parish, 159 La. 733, 106 So. 285, the landowner attacked the validity of a sub-road district because of alleged omission of certain lands in the special designation and their inclusion by boundary description. Plaintiff was held barred under Section 14 (n)

of Article 14 of the Constitution of 1921, from attacking the formation of the district, where he instituted suit for that purpose later than 60 days, after creation of district.

In Roberts et al. v. Evangeline Parish School Board, 155 La. 331, 99 So. 280, as stated in the syllabus:

"Under Const.1921, art. 14, § 14, provides that after 60 days from the promulgation of the result of an election no court shall have authority to inquire into the legality thereof, taxpayers could not after the expiration of 60 days sue to set aside an election authorizing a bond issue for a school district created from parts of separate parishes under Act No. 152 of 1920, notwithstanding Const.1898 and 1913, art. 250, and Const. 1921, art. 12, § 10."

If after the lapse of 60 days from the date of the promulgation of the result of the special election in this case, no one shall have any cause or right of action to contest the regularity, formality or legality of said election, tax provision or bond authorization *"For any cause whatsoever;"* and if, after the lapse of 60 days, the authority to issue the bonds, the legality thereof and the taxes necessary to pay same *"shall be conclusively presumed and no court shall have authority to inquire into such matter"*—it is manifest that plaintiff is without authority or standing in court to attack or contest the same, 84 days after the promulgation of the result of the special election held in this case.

Judgment affirmed.