PONDER, Justice.
 

 The facts pertinent to a decision in this case and the issues herein raised are recited correctly in the written reasons for judgment by the lower court. The lower court in its written reasons has properly disposed of the issues in this case. We, therefore, adopt the written reasons given by the lower court which are as follows:
 

 “This is a suit attacking the legality of refunding bonds of the City of Lafayette which are authorized pursuant to a resolution dated November 1st, 1938, adopted by the Board of Trustees as the governing authority of said City. The parties have filed an agreed statement of fact wherein all of the material facts are admitted and the sole questions presented to this Court for determination are questions of law.
 

 “Defendant specially pleads the plea of prescription of thirty'days set forth in Article 14, Section 14(g) of the Constitution of 1921, which plea is set up in bar of plaintiff’s right of action and in bar of the right of the Court to inquire into the matters complained of.
 

 
 *447
 
 “The facts show that the resolution was adopted and published more than thirty days before the institution of the present suit. The prescriptive period of thirty days provided in the Constitution begins to run from the date of the publication of the resolution authorizing the issuance of the refunding bonds. Constitution of Louisiana 1921, Article 14, Section 14 (g); Ozenne v. Board of Commissioners of St. Landry Drainage District, 183 La. 465, 164 So. 247. Inasmuch as the publication of thq resolution authorizing the issuance of the refunding bonds in the instant case was made in a newspaper of general circulation in the Parish of Lafayette more than thirty days before the present suit was instituted, it would seem that the prescriptive period has passed, unless the irregularities of which the plaintiff complains are such as constitute not relative nullities but radical and absolute nullities to which, the application of the plea of prescription is not allowed. And, under the settled jurisprudence of this State, no suit may be instituted attacking the validity of bonds such as those involved'in the instant case after the prescriptive period has passed and no Court is allowed even to inquire into the legality of any proceedings connected with the issuance of said bonds or to inquire into the legality of the bonds themselves, the Court being bound by the prescription that the bonds are legal and being under the duty to so hold.
 

 “But plaintiff contends that the grounds of attack in the instant case are fundamental in that there is no authority found in the Constitution to cover the various points included in its' attack. We are of the opinion that even the matters complained of are such as are precluded by the thirty-day prescriptive period referred to.
 

 “Plaintiff first attacks the validity of the bonds on the ground that the refunding bonds which are authorized include not only the refunding of the principal of the outstanding bonds refunded, but also the interest on those outstanding bonds which have matured, as well as the interest on outstanding bonds which will mature over a period of future years. It is contended that there is no authority in the Constitution for such action.
 

 “The article of the Constitution under which these bonds are issued, namely, Section 14(g) of Article 14, is very full in its statement of the authority to issue the bonds and states specifically that refunding bonds may be issued in an amount not exceeding the amount of the bonds to be refunded 'and the interest due thereon'. The interest is usually a major item to be considered in any outstanding issue of bonds. However, as pointed out above, any inquiry into the validity of the bonds because of the inclusion therein of the interest due on bonds which are not yet matured, is precluded by the prescriptive period of thirty days contained in Article 14, Section 14(g) of Constitution. The prescriptive period of the Constitution clearly bars any such attack. In the case of Rawle v. Jefferson and Plaquemines Drainage District, 187 La. 891, 175 So. 610, the Supreme Court stated with reference to an attack made by plaintiff which challenged the fundamental au
 
 *449
 
 thority to' issue the bonds under the Constitution that the suit was barred by the prescription of thirty days. The Court in that case said:
 

 “ 'This is clearly an attack upon the constitutionality of the bond issue, as Act No. 85 of 1934 is an amendment to the Constitution of 1921, the present Constitution of the state.
 

 “ 'Such attacks are clearly barred by the prescription of 30 days, and the pleas of prescription made herein by defendant drainage district were properly sustained in the lower court.’
 

 “The attack of plaintiff on the legality of the bonds must therefore be dismissed.
 

 “Plaintiff next contends that the refunding bonds are illegal because of the fact that they are to be sold and the pro.ceeds of the sale placed in escrow in a special sacred account and the funds to be used thereafter for the payment of the principal and interest of the original bonds refunded and the interest when they become due. Plaintiff contends that there must be a simultaneous payment and cancellation of the bonds refunded when the refunding bonds are issued.
 

 “The Constitution in Article 14, Section 14(g), authorizes the sale of refunding bonds to pay the bonds which are refunded and it appears that there must be some practical means of handling the sale of the refunding bonds and the payment of the outstanding bonds which are refunded such as by placing the money in escrow and earmarking it for that purpose. However, the question of the method of handling the exchange of the bonds when refunding bonds are issued was expressly passed on in the case of Rawle v. Jefferson and Plaquemines Drainage District, cited supra. In that case the Court said [page 615] :
 

 “ ‘5. Plaintiff also attacks the issuance of the bonds in this case upon the following grounds:
 

 ‘“(a) That the resolution of the Board provides that the bonds issued on February 1, 1913, which are to be refunded, will be held in trust, uncancelled,■ until all of said bonds shall have been exchanged for refunding bonds.; and that there is no authority in law for such procedure.’
 

 “In answer to this and other grounds of attack the Court said at page 616:
 

 “ ‘Besides, it is provided in Act No. 85 of 1934 (section 14(g) that: “If the validity ' of any refunding bonds issued under the provisions of this paragraph is not raised within thirty (30) days from date of publication of the issuing of said bonds, the authority to issue the said bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed and no court shall have authority to inquire into such matters.
 
 ”
 

 “It follows that it is not necessary to go into the merits of the contention raised by plaintiff in view of the fact that the thirty-day prescriptive period precludes any examination into such matter. Plaintiff’s suit must likewise be dismissed as to this point of attack.
 

 “The third ground of plaintiff’s attack is that there is included in the refund
 
 *451
 
 ing bonds, bonds which are secured by the pledge of one and one-fourth (1%) mills of the general alimony tax and bonds which are secured by unlimited ad valorem taxes and that the new refunding bonds are secured by unlimited ad valorem taxes. Here again the prescriptive period of the Constitution precludes any examination into the merits of this contention. The point was expressly passed on in the case of McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841. In that case the Supreme Court said [page 842]:
 

 “ ‘Against defendant’s contention, plaintiff argues that defendant is wholly without any constitutional authority to issue refunding bonds secured by unlimited special taxes to replace bonds secured only by revenues derived from the general alimony tax, and that defendant cannot eke out the authority to do so by the failure of a taxpayer to set up such lack of authority within 30 days from the day the attempt is made to exercise it.
 

 “ ‘It is admitted that this suit was filed more than 30 days after the date of publication of the issuing of. the bonds under attack herein. * * *
 

 “ ‘The constitutional limitation invoked by the 'defendant police jury was devised in the public interest, to protect the' fisc against uncertainty and to protect the bonds to be issued from attack, after a reasonable time allowed the taxpayers within which to contest the validity thereof for any cause. We see no reason why it should not.be applied in proper cases, particularly in view of the decisions of this court to which we have referred, which we regard as having settled 'the law on the question in dispute. Hence, we think thé plea of prescription herein was properly sustained.’
 

 “It is clear therefore that regardless of the grounds of attack presented by the plaintiff in this suit, the thirty-day prescriptive period which has elapsed between the date of the publication of the resolution authorizing the issuance of the bonds and the filing of the present suit precludes any consideration of the attack which has been made. The bonds are conclusively presumed to be legal and valid and the jurisprudence of this State is in accord in reaching this conclusion.
 

 “Considering the plea of prescription well founded, the Court has considered it unnecessary to determine whether or not the refunding bonds involved in this suit are authorized as to all details by the Constitution. Therefore, the plaintiff’s action must be held to have been barred by the prescription of thirty days and his suit must be dismissed and his demand rejected.”
 

 For the reasons assigned the judgment is affirmed at appellant’s cost.