For the reasons assigned, the judgment appealed from is affirmed.

186 So. 845

**HENNING v. TOWN OF SULPHUR.**

No. 35237.

Feb. 17, 1939.

Rehearing Denied Feb. 17, 1939.

Gilbert H. Graham, of Lake Charles, for appellant.

Liskow & Lewis and Plauche & Stockwell, all of Lake Charles, for appellee.

HIGGINS, Justice.

This is a contest over the validity of two proposed bond issues by the Town of Sulphur, Louisiana. The plaintiff, a duly qualified elector and resident taxpayer of the Town of Sulphur, Calcasieu Parish, Louisiana, instituted this action in his individual capacity and as the representative of the duly qualified resident taxpayers, alleging that the Town of Sulphur, Louisiana, is a municipal corporation, organized under the provisions of Act No. 136 of 1898; that on July 1, 1937, the mayor and board of aldermen of the Town adopted a special resolution, No. 89, calling a special election for the purpose of submitting to the qualified taxpayers the following:—

"A proposition to incur debt and issue negotiable bonds of the said Town of Sulphur, Calcasieu Parish, Louisiana, to the amount of Fifty Thousand Dollars ($50,-000.00), to run for a period of forty (40) years, bearing interest not to exceed the maximum rate of five per cent. (5%) per annum, payable annually, for the purpose of constructing, maintaining and operating a sanitary sewerage system in said Town of Sulphur, title to which shall vest in the public."

That on July 13, 1937, the special election was held on the matter submitted and resulted in 86 votes with a valuation of $96,515 for the proposition, and 7 votes with a valuation of $19,770 against it; that on the same day, the mayor and board of aldermen held a special meeting and canvassed the election returns and promulgated the same and ordered the result published in the manner provided by law, as appeared from an annexed certified copy of the resolution; that the results of the special election of July 13, 1937, were promulgated by a proclamation issued by the mayor of the town and copies of the proces verbal of the election were recorded in the office of the Clerk of Court of Calcasieu Parish, La., and in the office of the Secretary of the State of Louisiana; that the mayor and board of aldermen of the Town subsequently secured an offer from the Public Works Administration of the United States government for the purchase of the bonds in the amount of $40,-000, "in connection with the construction of a sanitary sewerage system in the Town"; that the mayor and board of aldermen further intended to issue and offer at public sale the remaining $10,000 of bonds and will do so unless restrained by the Court; that the special election of July 13, 1937, the proces verbal thereof adopted by the mayor and board of aldermen of the Town on the same date, the bonds in the amount of $50,000 secured by an unlimited ad valorem tax are null, void and of no effect for the following reasons, to-wit:

That the resolution calling the special election, the election held on July 13, 1937,

and the proces verbal of the election provided "for the issuance of $50,000.00 of bonds for the purpose of constructing, maintaining and operating a sanitary sewerage system in the Town of Sulphur," whereas, Act No. 46 of the Extra Session of 1921 only authorized the calling of an election to submit a proposition to incur indebtedness for the purpose of constructing such a system; that the officials of the Town heretofore adopted a resolution providing for the issuance and sale of said bonds in the amount of $40,000, and offered them at public sale on January 16, 1939, but did not receive any bids therefor; that the officials now intend to issue and deliver said bonds to the United States Government for the express purpose of securing funds to construct, maintain and operate the sanitary sewerage system, whereas, they could lawfully do so only to secure funds to construct said sanitary sewerage system; and that the officials also intend to issue and dispose of the remaining $10,000 of bonds for the same illegal purposes.

The petitioner further alleged that on November 7, 1933, the mayor and board of aldermen of the Town of Sulphur adopted a resolution calling a special election to be held on December 26, 1933, for the express "purpose of submitting to the qualified resident electors in the Town," the following proposition:—

"Shall the governing authority of the Town of Sulphur, Parish of Calcasieu, State of Louisiana, be authorized to issue bonds in the sum of Seventy Thousand and no/100 ($70,000.00) Dollars to run

thirty (30) years, bearing interest not exceeding five per cent. (5%) per annum, payable semi-annually, for the purpose of constructing, acquiring, extending or improving a sewerage system for The Town of Sulphur, State of Louisiana, together with all land, buildings, machinery and equipment, and any and all apparata incidental and necessary thereto to constitute a sewerage system, a revenue producing public utility of the Town of Sulphur, State of Louisiana, to be secured exclusively in principal and interest by mortgage on all lands, buildings, machinery and equipment, and including all sewer mains, pipe lines, all lifts, pits, filtrants, filtration plants or stations, all meters, all regulators, all fittings, all valves, all connections and any and all other apparata or physical property or properties of any and every nature whatsoever, owned and used by, and in connection with, and incidental and necessary thereto, constituting said sewerage system of The Town of Sulphur, State of Louisiana, a revenue producing public utility, and by pledge of the income and revenues of the said sewerage system and all such property or properties?"

That on December 27, 1933, the mayor and board of aldermen of the Town held a special meeting and canvassed the returns of the election and the results thereof were promulgated and a proces verbal of the canvas of the election was adopted, showing that the election was carried by a vote of 130 in favor of the proposed bond issue and 30 votes against it, a certified copy of the proces verbal being annexed; that as a part of the offer received by the Town of Sulphur from the

Public Works Administration of the United States Government, the mayor and board of aldermen of the Town proposed to issue revenue bonds in the amount of $35,000, for the purpose set forth in the election notice, and, on February 7, 1937, adopted resolution No. 107, authorizing the issuance of the bonds; that the election of December 26, 1933, the proces verbal thereof adopted on December 27, 1933, and the resolution of February 7, 1939, authorizing the issuance of the said revenue bonds and the execution of a mortgage in connection therewith are null and void for the following reasons:

"(a) That an unreasonable length of time has elapsed between the date of said election and the adoption of the resolution authorizing the issuance of said bonds and the execution of the mortgage securing them.

"(b) That the purposes for which the proceeds from the sale of said bonds were to be used: are 'to construct, acquire, extend or improve a sewerage system' and are too indefinite and vague.

"(c) That all of the formalities required by law to be followed in connection with the calling of said election of December 26, 1933, and the issuance of bonds thereunder were not complied with, and the said election and the proposed bond issue are, therefore, null and void."

And that the officials of the Town of Sulphur will complete the illegal and unlawful acts hereinabove described by issuing and disposing of the general obligation bonds in the amount of $50,000, and the revenue sewerage bonds in the amount of $35,000, unless they are restrained by the Court from doing so.

The defendant answered, admitting all of the facts alleged in the petition with reference to the two special elections and all proceedings, preceding and subsequent, thereto, authorizing the bond issues, but denied that these proceedings were in any way illegal or invalid, averring that the resolutions, the proces verbals and other documents annexed to the plaintiff's petition showed that all of the proceedings in reference to the bond issues were regular and legal, and, therefore, plaintiff's petition did not state any right or cause of action; that the funds to be realized from the sale of both bond issues were to be used only for the construction of a sanitary sewerage system, and that any other purpose set forth in the proposition submitted in the election and the other proceedings incidental thereto were merely surplusage; and that the United States Government offered to purchase $40,000 of the bonds at par value, the proceeds to be used in the construction of the sanitary sewerage system.

The defendant pleaded the prescription of 60 days, provided by Article 14, Section 14 (n) of the Louisiana Constitution of 1921, Act No. 46 of the Extra Session of the Louisiana Legislature of 1921, and Act No. 80 of the Extra Session of the Legislature of 1921, as a full and complete bar to any right of action by the plaintiff or any one else to dispute the validity of the said elections or bonds to be issued by the defendant thereunder. The defendant prayed that the plaintiff's suit be dis-

missed and the validity of the two bond issues be recognized.

The parties entered into the following stipulation of facts:—

"(1) That the proposed bonds to be issued by the Town of Sulphur are within the limitations provided by the Constitution.

"(2) That more than sixty (60) days have elapsed between the promulgation of the returns of each of the bond elections and the date that this suit was filed.

"(3) That no other attack upon the validity of said bonds was made within the sixty day period referred to above.

"(4) That the sanitary sewerage system is now being constructed by The Town of Sulphur, the work on said project having commenced prior to January 1, 1939.

"(5) That the said project is being constructed under assistance from the Public Works Administration of the United States Government, whereby the Town will receive a loan and grant from the Government totalling $130,909.00.

"(6) That the proposed bonds described in the plaintiff's petition, if found to be valid, will be sold to the Government to secure that portion of the said amount referred to above not included in the funds granted outright by the Government to the Town.

"(7) That all of the funds from the tax sewerage bonds that will be sold by the Town will be used in the construction of the sewerage system, and no additional amount will be available from said issue for the maintenance or operation of the system.

"(8) That the revenue sewerage bonds of 1933 were voted in connection with an application to the Public Works Administration which was then pending, but that despite numerous applications on the part of the Town of Sulphur, the formal approval and offer of assistance from the Government was only obtained on October 31, 1938.

"Lake Charles, Louisiana, this 14th day of February, 1939."

The district judge rendered judgment, holding that the two special elections held by the Town of Sulphur on December 26, 1933, and July 13, 1937, respectively, and all proceedings and resolutions adopted in connection therewith, and the proces verbals of the said elections covering the two proposed bond issues or propositions submitted were regular and valid, and the right of the officials of the Town of Sulphur to issue and dispose of the bonds was recognized and approved; the use of the proceeds realized from the sale of the $50,000, of bonds to be confined only to the purpose of constructing the sewerage system, and the fact that no portion of said funds were to be used to maintain and operate the said system was in any way to affect the validity of the bonds; the court also sustained the plea of prescription of 60 days filed by the defendants against all attacks set forth in the plaintiff's petition on the validity of the elections or the bonds to be issued thereunder.

The plaintiff appealed and the parties submitted the case on the record.

In connection with the tax sewerage bonds in the amount of $50,000, it is con-

tended that, since Act No. 46 of 1921, Ex. Sess., permits the issuance of the bonds only for the purpose of constructing the sewerage system, the proceedings which provide for the construction, maintenance and operation of the system are invalid. Plaintiff's position is untenable for two reasons:—

(1) The record clearly shows that all of the funds will be used solely for the purpose of constructing the sanitary sewerage system or the exact purpose authorized by the statute. The other language in the bond proceeding with reference to maintenance and operation of the system is merely surplusage.

(2) It is conceded that more than sixty days have elapsed from the date of the promulgation of the result of the election, therefore, the plea of prescription of sixty days interposed by the defendants precludes any contest as to the validity of the bonds or the purpose for which they were issued.

In the case of Roy v. City of Lafayette, 168 La. 1081, 123 So. 720, a bond issue was attacked on the ground that it was voted to refund an indebtedness, which was not included in the constitutional provision authorizing the issue, but the Court held that it could not inquire into the authority of the Town to issue the bonds or the validity of the election, after the 60 day period had elapsed, and a plea of prescription was filed.

With reference to the revenue sewerage system bonds, which were voted in 1933, the plaintiff argues that an unreasonable length of time has elapsed between the date of the election and the proposed issuance of the bonds and, therefore, the proceedings and the bonds to be issued thereunder are null and void. The identical question was settled by this Court in Miller v. Town of Bernice, 186 La. 742, 173 So. 192, 193, where we held that the 60 day prescriptive period prevented such an attack from being made on the validity of the bonds and the proceedings under which they were issued.

The other charges of irregularities and invalidity set forth in the plaintiff's petition relate only to informalities in the proceedings for the election and issuance of the bonds. Since the proces verbals attached to the petition and the agreed statement of facts establish definitely that the results of both elections were promulgated more than 60 days prior to the filing of this suit, it is clear that the validity of the two bond issues must be maintained.

For the reasons assigned, the judgment is affirmed at the appellant's costs.

O'NIELL, Chief Justice, dissenting in part.

O'NIELL, C. J., is of the opinion that the bond issue of $70,000, authorized by the election held on December 26, 1933, is invalid, because of the unreasonable length of time that elapsed after the election was held; and he is of the opinion that the prescription of 60 days is not applicable to this cause of invalidity.