189 So. 132

## LAPEYRONNIE v. POLICE JURY OF PARISH OF JEFFERSON.

### No. 35358.

May 11, 1939.

Frank H. Langridge, of Gretna, for appellant.

John E. Fleury, Dist. Atty., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, for appellee.

ODOM, Justice.

The issues involved in this case are concisely stated and correctly decided by the judge of the district court, whose written opinion we adopt and make our own. The opinion follows:

"Reasons for Judgment.

"This is a suit by a resident property taxpayer of the Parish of Jefferson attacking the validity of an issue of refunding bonds of said Parish and seeking to enjoin the levy of a tax by the Police Jury of said Parish to pay said bonds in principal and interest. The parties have filed an agreed statement of facts wherein all of the material facts are admitted and the sole questions presented to this Court for determination are questions of law.

"Defendant specially pleads the plea of prescription of thirty days set forth in Article XIV, Section 14(g) of the Constitution of 1921, which plea is set up in bar of plaintiff's action and in bar of the right of the Court to inquire into the matters complained of.

"The facts show that on February 8th, 1939, the day immediately following the delivery of an issue of $150,000.00 of Public Improvement Bonds issued under the authority of Article XIV, Section 14(e) of the Constitution of 1921 and Act 40 of 1922, the Jefferson Parish Police Jury met in regular session and adopted proceedings issuing $150,000.00 of Refunding Bonds under the authority of Article XIV, Section 14 (g) of the Constitution of 1921, for the purpose of refunding said Public Improvement Bonds, and directed that a special tax should be levied on all taxable property in said Parish sufficient to pay said Refunding Bonds in principal and interest.

"Said refunding proceedings were duly published in the official journal of Jefferson Parish on February 11th, 1939, more than thirty days before the institution of the present suit. The prescriptive period of thirty days set out in the Constitution and specially pleaded here commences to run from the date of publication of the refunding proceedings. Louisiana Constitution of 1921, Article XIV, Section 14 (g); Ozenne v. Board of Commissioners of St. Landry Drainage District, 183 La. 465, 164 So. 247. It would seem, therefore, that the prescriptive period has elapsed in this case and that plaintiff's suit is barred as well as the authority of this Court to inquire into the matters complained of, and that the legality of the Refunding Bonds and of the taxes necessary to pay the same must be conclusively presumed.

"It is argued by plaintiff, however, that the irregularities of which he complains constitute radical nullities which are not cured by the prescriptive period of thirty days, and that there is no authority in the Constitution for the actions of defendant. It is the opinion of the Court, however, that plaintiff's suit is barred by the prescriptive period of thirty days.

"Plaintiff's first ground of attack is that the issuance of said Refunding Bonds was unnecessary in that they were issued during the same fiscal year in which defendant found that there was a sufficient sum of money available out of its general alimony tax to pay the Public Improvement Bonds refunded in principal and interest.

"This is clearly an attack on the authority of defendant to issue the refunding bonds in question and is, therefore, barred by the prescriptive period of thirty days set out in Article XIV, Section 14(g), Louisiana Constitution of 1921.

"Plaintiff's next ground of attack is that the refunding bonds in question should have been issued under Article XIV, Section 14(e), Louisiana Constitution of 1921, inasmuch as the bonds refunded were originally issued under the authority of said paragraph of the Constitution. This objection can be passed upon in conjunction with plaintiff's third ground of attack which is that the bonds refunded are secured by the pledge of 7³⁄₁₀₀ of one mill of the general alimony tax, whereas the refunding bonds are secured by unlimited ad valorem taxes.

"These two points were expressly passed upon in the case of McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841, and in the late case of Sammons v. City of Lafayette, 191 La. 444, 185 So. 463,

decided by the Louisiana Supreme Court of December 8, 1938, both of which cases held that the prescriptive period of thirty days applied.

 "Plaintiff's fourth and last ground of attack is that the original indebtedness of $150,000.00 later refunded, was originally incurred by defendant with the intention to refund same into ad valorem tax bonds and thus avoid the constitutional requirement for an election of the resident property taxpayers which is required by the law prior to the issuance of ad valorem tax bonds for new public improvements.

 "The Court feels that the language of the Supreme Court in the McGuffie case, supra, is applicable here. In that case the Supreme Court said (183 La. 391, 163 So. page 843):

" 'The constitutional limitation invoked by the defendant police jury was devised in the public interest, to protect the fisc against uncertainty and to protect the bonds to be issued from attack, after a reasonable time allowed the taxpayers within which to contest the validity thereof for any cause. We see no reason why it should not be applied in proper cases, particularly in view of the decisions of this court to which we have referred, which we regard as having settled the law on the question in dispute. Hence, we think the plea of prescription herein was properly sustained.'

"In view of the settled jurisprudence of this State, it is clear that the grounds of attack presented by the Plaintiff in this suit are barred by the thirty days prescriptive period which has elapsed between the publication of the resolution authorizing the issuance of the Refunding Bonds and the filing of the present suit, and that, therefore, said Refunding Bonds and the ad valorem taxes necessary to pay said bonds in principal and interest are conclusively presumed to be legal, and that this Court has no authority to inquire into the matters raised by the plaintiff. Plaintiff's suit must therefore be dismissed and his demands rejected."

The judgment is affirmed.