197 So. 75

## HOUSSIERE v. CITY OF JENNINGS.

### No. 35961.

Aug. 27, 1940.

Ralph H. Agate, Jr., of Welsh, for appellant.

John T. Hood, Jr., of Jennings, for appellee.

FOURNET, Justice.

This is a suit to contest the validity of three bond issues sold by the City of Jennings, Louisiana, and to enjoin the delivery of the said bonds or the levying of any special ad valorem taxes for the payment of the same on the ground that the bonds were issued in contravention of Article XIV, Section 14(f), of the Constitution of 1921.

In bar of the action the defendant pleaded the 60-day prescriptive period created by the constitution and by Section 43 of Act No. 46 of 1921, Ex.Sess. It also answered denying the illegality of the bonds.

The case was submitted and tried on an agreed statement of facts, and from a judgment dismissing plaintiff's suit he has appealed.

Plaintiff's action is predicated upon the provision of the Constitution of 1921 that "No debt shall be incurred and bonds issued therefor by any sub-division hereunder for any one of the purposes herein provided [see subsection b], which, including the existing bonded debt of such sub-division for such purposes * * * shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such sub-division, to be ascertained by the last assessment for parish, municipal or local purposes previous

to incurring such indebtedness. * * *" Article XIV, Section 14(f). (Brackets ours.)

From the agreed statement of facts it appears that at a special election held in the City of Jennings, Louisiana, on July 26, 1938, a bond issue of $220,000 for constructing drains and a bond issue of $50,000 for opening, constructing, paving and improving streets were approved. At another special election held on September 30, 1938, a bond issue of $123,000 was approved for the construction of waterworks and sewerage extensions and improvements. At the time of these special elections the assessed valuation of all of the taxable property in the City of Jennings amounted to $2,216,370. Outstanding against this there had already been issued bonds in the sum of $10,000, for the acquisition of fire protection equipment; $96,000, for the construction of waterworks and sewerage extensions; $105,000, for graveling streets; and $60,000, for paving streets.

It may be seen, therefore, that each of these bond issues approved at the special elections, when added to the bond issues already existing for a like purpose, is less than 10% of the assessed valuation of the taxable property within the city. But counsel for plaintiff argues that because of the close relationship between drainage, sewerage, and street improvements, when taken in consideration with the fact that a special road district embodying the city limits of Jennings voted a bond issue of $220,000 (which is admitted to be legal and is not in contest here), for the pur-

pose of opening, constructing, improving, and maintaining public roads, highways, and bridges in the road district, they are either so necessary or complementary one to the other that they are, in fact, for one and the same purpose—i. e., the construction, improvement, and maintenance of streets—and that, since the aggregate of all of these far exceeds 10% of the assessed valuation of the taxable property within the city, the bond issues are radical nullities, not curable by the 60-day prescriptive period.

The lower court held that this was an attack upon the authority of the city to issue the bonds and that, as such, it was subject to the prescription of 60 days.

In the case of McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841, 842, it was pointed out that prior to the adoption of the Constitution of 1921 there existed in our jurisprudence an uncertainty as to the time within which taxpayers could contest the validity of a bond issue and the tax levied for the payment of same and that "* * * in order to settle the question for all time, the Constitutional Convention that prepared and adopted the Constitution of 1921, which body alone had the power to grant or withhold jurisdiction from the courts of the state, adopted paragraph (n) of section 14 of article 14, providing that, after 60 days from the promulgation of the result of an election, no interested person should have the right to contest the legality of the election, the bond issue provided for, or the tax authorized, for any cause; and that, if the validity of any election, special tax, or bond issue is not raised within 60 days as prescribed in the constitutional provision, 'the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters.'" See, also, Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Miller v. Town of Bernice, 186 La. 742, 173 So. 192; Sealy v. Iberia Parish School Board, 191 La. 223, 185 So. 6; Lapeyronnie v. Police Jury of Parish of Jefferson, 192 La. 775, 189 So. 132, and the cases therein cited. Also see the cases cited in the McGuffie case, supra.

In the case of Miller v. Town of Bernice, supra [186 La. 742, 173 So. 195], we said: "* * * it is clear that the framers of the Constitution intended to limit the right to contest all elections, bond issues, securities and taxes authorized under section 14 of article 14 of the State Constitution," and stated that this limitation "was devised in the public interest, to protect the fisc against uncertainty and to protect the bonds from attack, after a reasonable time allowed the taxpayers within which to contest the validity thereof for any cause." See, also, McGuffie v. Police Jury of Catahoula Parish, supra, and Lapeyronnie v. Police Jury of Parish of Jefferson, supra.

■. There are no charges of fraud or collusion in this case. It is admitted that the elections were legally held and their results duly promulgated showing that an overwhelming majority of the voters, both in number and in valuation of property,

had approved all three of the bond issues. More than 60 days have elapsed since these elections were held and their results promulgated, and we must conclude, therefore, that the plaintiff is without right to contest the validity of the bonds or the tax and that the court is without authority to inquire into the matter.

■ Moreover, the contention of the plaintiff that the purpose for which the three bond issues were voted are so similar and necessary one to the other that they are, for all intents and purposes, the same, is without merit. Act No. 46 of 1921, Ex. Sess., as amended by Act No. 56 of 1924, when read in connection with sub-sections (b) and (f) of Section 14 of Article XIV of the Constitution of 1921, leaves no doubt that the governing authorities of municipal corporations may issue bonds of the corporation *for any one* of the following purposes: "Opening, constructing, paving and improving streets, sidewalks, roads and alleys, constructing bridges, purchasing or constructing waterworks, sewers, drains, drainage canals, pumping plants, sewerage disposal works, light and power plants, gas plants, artificial ice and refrigerating plants, halls, court houses, jails, public markets, abattoirs, fire department stations and equipment, hospitals, auditoriums, public parks, natatoriums, libraries, school houses, teachers' homes, and other public buildings, docks, wharves and river terminals, and such other works of public improvement as the Legislature may expressly authorize. * * *" Thus it may be seen that the construction of drains, sewers, and street improvements are each designated for a purpose for which a city is authorized under the act to issue bonds and are entirely divorced one from the other. It was never contemplated that any one of the three should necessarily form a part of the others. Streets or roads may be built without the installation of sewers thereunder or the construction of drains along their sides, and, likewise, drains or sewers may be constructed without the construction of streets. The fact that drains, sewers, and streets may be constructed at one and the same time and in connection with one another as a matter of expediency or public convenience, does not make them one and the same thing within the meaning and contemplation of Section 14(f) of Article XIV of the Constitution of 1921.

For the reasons assigned, the judgment of the lower court is affirmed.