ROGERS, Justice.
 

 On September 9, 1941, the Mayor and Board of Aldermen, acting as the governing authority of the City of Opelousas, adopted a resolution providing for the issuance of refunding bonds to the amount of $93,000 and levying annually a special ad valorem tax for the payment of the principal and interest of the bonds.
 

 On November 27, 1941, Lawrence Thistlethwaite, a resident and taxpayer of the city, brought this suit against the Mayor and Board of Aldermen to have the resolution of September 9, 1941, delared unconstitutional and therefore without effect.
 

 Without answering to the merits but with reservation of the right to do so, the defendant pleaded in bar of plaintiff’s action the prescription of thirty days provided by subsection (g) of Section 14 of Article XIV of the Constitution of 1921, as amended by Act No. 85 of 1934. On December 8, 1941, the plea of prescription was submitted to the court below on an agreed statement of facts in which all the material facts were admitted. The court sustained the plea of prescription on^January 20, 1942, and dismissed the suit and plaintiff is appealing from the judgment.
 

 After authorizing municipal corporations, among other political subdivisions of the State, to issue negotiable interest bearing refunding bonds in an amount not to exceed the amount of the bonds and certificates to be refunded and the interest thereon, section 14(g) of Article XIV of the Constitution of 1921, as amended by Act No. 85 of 1934, provides: “Such political subdivisions, through their governing authorities, * * * are authorized to and shall secure the payment of said refunding bonds, in interest and principal, by the levying of special ad valorem taxes' annually in an amount sufficient to pay interest annually or semi-annually and to pay the principal falling due each year, as provided in Section 14(a) of this Article, when the bonds to be refunded were secured in like manner.”
 

 Plaintiff alleges that the constitutional provision does not authorize a municipality to refund an indebtedness and to levy a special ad valorem tax as provided in the resolution. It appears from the agreed statement of facts that the refunding bonds and certificates of indebtedness which it is proposed by the resolution to refund were’ not secured by ad valorem taxes but were secured by local or special assessments against real estate, and that the accounts payable sought to be refunded were not secured by an ad valorem tax except to the extent that such indebtedness is usually
 
 *447
 
 paid from the proceeds of the general alimony tax. Plaintiff argues that under the language of subsection (g) of Section 14 of Article XIV of the Constitution the only obligation which may be refunded are bonds and certificates of indebtedness and not bonds for the refunding of open accounts due by the municipality. Plaintiff further argues that as the bonds, certificates of indebtedness, and open accounts are not secured by the levy of ad valorem taxes, they can not be refunded by bonds which are secured by such taxes. However, further on in the same section and article of the Constitution it is expressly provided: “If the validity of any refunding bonds issued under the provisions of this paragraph is not raised within thirty (30) days from date of publication of the issuing of said bonds, the authority to issue the said bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed and no court shall have authority to inquire into such matters.”
 

 The defendant alleges in its plea of prescription that the resolution which was adopted on September 9, 1941, was published in the Clarion-News, the official journal, on September 11, 1941. Defendant contends that the resolution took effect immediately upon its passage and publication in accordance with Section 12 of the resolution, which reads as follows: “That the financial credit and reputation of the City of Opelousas being imperiled by reason of the default in payment of its outstanding indebtedness, it is hereby found and declared that an emergency exists making it necessary that this resolution shall take effeet immediately upon its passage and publication, and it is so resolved.”
 

 Defendant further contends that plaintiff’s demands are prescribed by the constitutional provision which we have herein-above quoted.
 

 Plaintiff filed his suit on November 21, 1941, which was more than two months after the date of the publication of the resolution under attack in his suit. It is clear therefore that the prescriptive period of thirty days provided by the Constitution had accrued at the time the suit was filed.
 

 This Court, under similar circumstances, has consistently sustained the plea of prescription invoked by defendant. One of the earlier cases in which this was done is Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280. Among the later cases in which the plea of prescription was upheld are McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841; Rawle v. Jefferson and Plaquemines Drainage District, 187 La. 891, 175 So. 610; Sammons v. City of Lafayette, 191 La. 444, 185 So. 463; Lapeyronnie v. Police Jury of Parish of Jefferson, 192 La. 775, 189 So. 132.
 

 In the McGuffie case [183 La. 391, 163 So. 843], in disposing of the question of prescription invoked by the defendant, this Court said: “The constitutional limitation invoked by the defendant police jury was devised in the public interest, to protect the fisc against uncertainty and to protect the bonds to be issued from attack, after a reasonable time allowed the taxpayers within which to contest the validity thereof for
 
 *448
 
 any cause. We see no reason why it should not be applied in proper cases, particularly in view of the decisions of this court to which we have referred, which we regard as having settled the law on the question in dispute. Hence, we think the plea of prescription herein was properly sustained.”
 

 In the Rawle case, where an attack involving several grounds of invalidity were leveled against the issuing of refunding bonds under the special provisions to which a plea of prescription was interposed, this Court quoted with approval the decision in the McGuffie case.
 

 In the Sammons case [191 La. 444, 185 So. 466], after quoting extensively from the McGuffie case, this Court observed:
 

 “It is clear therefore that regardless of the grounds of attack presented by the plaintiff in this suit, the thirty-day prescriptive period which has elapsed between the date of the publication of the resolution authorizing the issuance of the bonds and the filing of the present suit precludes any consideration of the attack which has been made. The bonds are conclusively presumed to be legal arid valid and the jurisprudence of this State is in accord in reaching this conclusion.
 

 “Considering the plea of prescription well founded, the Court has' considered it unnecessary to determine whether or not the refunding bonds, involved in this suit are authorized as to all details by the Constitution. Therefore, the plaintiff's action must be held - to • have been barred by the prescription of thirty days and his suit must be dismissed and his demand rejected.”
 

 Our conclusion is that the plea of prescription invoked by defendant is well founded, and hence it is unnecessary to determine whether or not the refunding bonds provided by the resolution' under attack herein are authorized as to all details by the constitutional provision.
 

 For the reasons assigned, the' judgment appealed from is affirmed.