27 So.2d 330

GOUGH v. LASALLE PARISH SCHOOL BOARD.

No. 38242.

June 14, 1946.

J. M. Henagan, of Jena, for plaintiff-appellant.

Cameron C. Minard, Dist. Atty., of Columbia, for defendant-appellee.

HAMITER, Justice.

Following the destruction by fire of the high school building at Jena, LaSalle Parish, in 1943, the taxpayers of School District No. 5, in which the named municipality is located, authorized at an election held by the LaSalle Parish School Board the issuance and sale of bonds in the amount of $225,000 for the purpose of reconstructing the building and of equipping it. The bonds were issued and sold; however, the contemplated work was not performed, because of a shortage of materials and labor, and the proceeds are presently on deposit to the credit of School District No. 5.

In 1945 the LaSalle Parish School Board conceived and approved a plan to build a consolidated high school at Jena to serve the students and patrons of both the Jena School District No. 5 and the adjoining Trout-Good Pine School District No. 21, it providing for the latter district to contribute a portion of. the necessary expenses attending the undertaking. Accordingly, and pursuant to an ordinance duly adopted on October 6, 1945, the School Board submitted to the property taxpayers of School District No. 21, at an election held on November 20, 1945, the following: "Proposition to incur debt and issue bonds of Trout-Good Pine School District No. 21, in the Parish of LaSalle, Louisiana, to the amount of $80,000 to run for a period of fourteen (14) years, bearing interest at the rate of not to exceed 4% per annum, payable semi-annually, for the purpose of building and equipping a school building in the town of Jena, Jena School District No. 5, LaSalle Parish, Louisiana."

On December 1, 1945, the School Board met and promulgated the result of the election, declaring that a majority of the taxpayers of Trout-Good Pine District No. 21, both in number and amount, favored the proposition. Thereafter, by a resolution of date April 6, 1946, the School Board gave notice that the bonds would be sold on August 3, 1946, and it called for bids thereon.

In this suit, instituted on May 9, 1946 (more than sixty days after the promulgation of the election's result), plaintiff prayed for a judgment enjoining the sale of the bonds of School District No. 21, he attacking the proposed issue on the grounds:

(1) That the election notice failed to state the polling places for and the hours of holding such election;

(2) That no election was held in one of the precincts of the district;

(3) That the notice of the election was not published according to law;

(4) That there is no legal authority for using the proceeds of the bonds of School District No. 21 in the constructing and equipping of a school building in an adjoining district of the same parish, even though the property taxpayers of the former, at an election, specifically authorized the issue and use.

After a trial of the case on an agreed statement of facts there was judgment dismissing plaintiff's suit, the district court having sustained exceptions to the jurisdiction ratione materie and of no right and no cause of action and a plea of prescription, all of which the defendant had tendered.

Plaintiff appealed.

The exceptions and plea of defendant are predicated on the following two provisions of our law:

"Contesting legality of election—Limitation.—For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be conclusively presumed, and no court shall have authority to inquire into such matters. The provisions of this section shall not apply to the City of New Orleans." Section 14(n), Article 14 of the Louisiana Constitution of 1921.

"Contests; Time Limited—For a period of sixty days from the date of the promulgation of the result of any election held under the provisions of this act, any person in interest shall have the right to contest the legality thereof, the bond issue provided for, or the tax authorized for any cause; after which time, no one shall have any cause or right of action to contest the legality, formality or regularity of said election, tax provision or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue author-

ized or provided for under the provisions of this act be not raised within the sixty days herein prescribed, the authority to issue the bonds, the regularity thereof, and of the taxes necessary to pay the same, shall be conclusively presumed, and no court shall have authority to inquire into such matters. If any resolution be adopted or proceeding had more than thirty days after the promulgation of the result of the election, no contest, action or proceeding to question the validity or legality of such resolution or proceeding so adopted shall be begun in any court by any person for any cause whatsoever, after the expiration of thirty days from the date when the resolution was adopted or proceeding had." Section 43 of Act No. 46 of 1921, Ex.Sess.

■ The quoted constitutional and statutory provisions, as well as Section 14(g) of Article 14 of the Louisiana Constitution as amended by Act 85 of 1934 (providing a thirty days' limitation period on refunding bonds), have been interpreted by this court on innumerable occasions, and it is now the settled jurisprudence that if a suit is not instituted within sixty days after the promlgation of the result of a bond election no one has the right to question, and the court is without authority to inquire into, the constitutionality or legality of such election or of the bond issue and the tax authorized thereat. Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Fontenot v. Miller Gravity

Drainage District, 159 La. 302, 105 So. 351; Brown v. Chataignier Gravity Drainage District, 161 La. 309, 108 So. 548; Roy v. City of Lafayette, 168 La. 1081, 123 So. 720; Charles Webster Realty Co. v. Jury, 170 La. 562, 128 So. 516; Gravity Drainage District v. Caldwell & Co., 171 La. 58, 129 So. 668; McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841; Miller v. Town of Bernice, 186 La. 742, 173 So. 192; Rawle v. Jefferson & Plaquemines Drainage District, 187 La. 891, 175 So. 610; Sealy v. Iberia Parish School Board, 191 La. 223, 185 So. 6; Sammons v. City of Lafayette, 191 La. 444, 185 So. 463; Henning v. Town of Sulphur, 191 La. 979, 186 So. 845; Lapeyronnie v. Police Jury of Jefferson Parish, 192 La. 775, 189 So. 132; Houssiere v. City of Jennings, 195 La. 1042, 197 So. 750; Nanney v. Leesville, 198 La. 773, 4 So.2d 825; Carnahan v. Police Jury of Calcasieu Parish, 199 La. 262, 5 So. 2d 766; Thistlewaite v. Mayor and Board of Aldermen, 199 La. 890, 7 So.2d 175.

■ As was appropriately stated in the McGuffie case [183 La. 391, 163 So. 843] the mentioned constitutional limitation "was devised in the public interest, to protect the fisc against uncertainty and to protect the bonds to be issued from attack, after a reasonable time allowed the taxpayers within which to contest the validity thereof for any cause."

■ The present litigation was not commenced within sixty days after the promulgation of the result of the bond election in

School District No. 21; hence, under the above authorities, plaintiff's attack cannot succeed.

The judgment is affirmed.