HAMITER, Justice.
In this suit, brought against Road District No. 505 of Tangipahoa Parish, Louisiana, and also against the Police Jury and certain named officials of such parish, Strick Chambers challenges the validity or legality of a bond and tax election called by the governing authority of the Road District and held on June 7, 1969.
The plaintiff is a non-property owning resident, but a qualified elector of the parish; and, as such, he represents (besides himself) others of a class similarly situated. In his petition it is urged that he and the other members of the class were discriminated against in the bond and tax election by virtue of their not having been permitted to vote in the election which approved the issuance of the bonds, this because they did not own taxable property in the parish. He relies primarily on two cases recently decided by the United States *58 Supreme Court, namely: Kramer v. Union Free School District No. 15 et al., 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 and Cipriano v. City of Houma et al., 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (hereinafter discussed).
All defendants tendered a plea of peremption alleging that plaintiff’s action is barred by virtue of the provisions of Article 14, Section 14(n) of the Louisiana Constitution, and of LRS 39:518. They also filed an answer. Later, the entire case was submitted to the district court on a stipulation of facts.
The court maintained the plea of peremption and dismissed the suit at plaintiff’s costs. Plaintiff is appealing.
Here, the case was submitted on a joint motion pursuant to Section 8, Rule VIII, of the Rules of this court.
The constitutional and statutory provisions relied on by defendants to support their plea of peremption authorize suits to contest the legality of bond and tax elections; but they also establish a peremptive period of sixty days from the date of promulgation of the returns of the election, during which period such suits can be brought. They declare, however, that if no suit is filed within such period of sixty days the legality of the election is conclusively presumed, and no court shall have authority to inquire into the matter.
The election here involved was conducted in compliance with the Constitution and laws of Louisiana; and the results were promulgated on June 19, 19691 The instant suit was not filed until November 14, 1969, almost five months after the promulgation and three months after the peremptive period had expired.
The plaintiff in Andrieux v. East Baton Rouge Parish School Board et al., 254 La. 819, 227 So.2d 370 attacked a similar bond and tax election on the same ground as urged by petitioner here. Therein we again reiterated our consistent holding that “the constitutional and statutory peremptive period operates as a complete extinguishment of the right to attack bond and tax elections,” it prohibiting thereafter a contest over such elections for any cause whatsoever. See also Gough v. LaSalle Parish School Board, 210 La. 554, 27 So.2d 330; Harrel v. Winn Parish School Board, 214 La. 1095, 39 So.2d 743; Redmon v. Sub-Sewerage District No. 1 of Sewerage District No. 1, Parish of Jefferson, 226 La. 245, 75 So.2d 854, and McLavy v. American Legion Housing Corporation et al., 227 La. 300, 79 So.2d 316. (Other cases enunciating this principle are cited in Andrieux v. East Baton Rouge Parish School Board et al., supra.)
Inasmuch as the present litigation was not commenced within sixty days after the promulgation of the result of the bond and tax election involved herein the trial judge *60 properly sustained defendants’ exception of peremption and dismissed the suit.
We do not agree with plaintiff’s counsel that the rendition of the decisions in Cipriano v. City of Houma et al. and Kramer v. Union Free School District No. 15 et al., both supra, by the United States Supreme Court on June 16, 1969, in any manner affects the result reached by us. To the contrary, we think that the language of the court in both cases specifically recognizes that in order for the holdings to apply the suit attacking the validity of the bond and tax election must be brought within the state’s peremptive period.
In the Cipriano case, after holding that in some instances the denial of the right to vote to persons situated as this plaintiff might result in the nullity of the election (as it did there), the court announced its intention to apply the decision only prospectively. But it said: “That is, we will apply it only where, under state law, the time for challenging the election result has ■not expired, or in cases brought within the time specified by state law * * * and which are not yet final. * * *” Incidentally, that suit had been filed within the state’s sixty-day peremptive period. (Italics ours.)
As we observed in Andrieux v. East Baton Rouge Parish School Board et al., supra, the United States Supreme Court in the two cases relied on by plaintiff “recognized that state prescriptive or peremptive provisions were valid as a bar to such attacks.”
For the reasons assigned the judgment of the district court sustaining defendants’ plea of peremption and dismissing the suit at plaintiff’s costs is affirmed. Costs of this court are assessed against plaintiff.